# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

vs.

OSWALD REYES,

    Defendant.

Case No. 2:12-CV-01222-GMN-(VCF)

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1). On at least three occasions this court has dismissed for failure to state a claim upon which relief can be granted actions commenced by plaintiff while he was a prisoner.[1] Plaintiff cannot proceed in forma pauperis in this action unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff alleges that he is suffering from kidney failure and that the defendants are not treating his condition properly. The court will assume for the purposes of this order that plaintiff satisfies the requirement of § 1915(g). Even satisfying that requirement, the standard requirements for a prisoner seeking leave to proceed in forma pauperis still apply. Plaintiff did not include with his application (#1) a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Plaintiff knows of these requirements, because the court

---

[1] See Bacon v. Webster, 2:05-CV-01267-PMP-(GWF); Bacon v. Laswell, 2:09-CV-02058-PMP-(PAL); Bacon v. State of Nevada, 2:10-CV-01451-KJD-(LRL).

recently dismissed another action, <u>Bacon v. Burson</u>, 2:12-CV-01027-JCM-(RJJ), for the same reason.

  Even if the court were to overlook the requirements of 28 U.S.C. § 1915, plaintiff has alleged facts that show that the court cannot grant him any relief.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Unlike 28 U.S.C. § 1915(g), there is no exception in § 1997e(a) for a prisoner who is facing a serious injury.  Plaintiff admits in a motion (#2) that he has not pursued administrative remedies for his medical problems.  Normally, this is an affirmative defense to be raised by the defendants.  However, if plaintiff is in as much danger as he claims to be, then he needs to pursue those administrative remedies as quickly as possible before he can commence a civil action in this court.  Therefore, the court will dismiss the action on its own motion.

  Plaintiff argues unpersuasively that Cheryl Burson, a prison official, has threatened him if he pursues a grievance.  Administrative Regulation ("AR") 740.09 of the Nevada Department of Corrections does allow for punishment of inmates who abuse the grievance procedure.  If plaintiff has been as abusive of the prison grievance procedure as he has been with this court, it is understandable that Burson has warned him not to file any more frivolous grievances.  However, AR 740.09 does not prohibit a vexatious prisoner from filing a substantial grievance.  If plaintiff does file a substantial grievance and prison officials still take action against him, then plaintiff might have a claim of retaliation.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  Nonetheless, plaintiff still needs to exhaust his administrative remedies before he can commence an action in this court.

  Plaintiff has submitted a motion to use the purchased money order (#3).  He refers back to the earlier dismissed action, <u>Bacon v. Burson</u>, 2:12-CV-01027-JCM-(RJJ).  The court did not receive any money in that action, and the court denies this motion.

  Plaintiff has submitted a motion to seek equitable tolling or, in the alternative, equitable estoppel (#4).  He appears to complain that a state court dismissed an action because he failed to exhaust his administrative remedies.  This motion is moot because, regardless of what happened in

state court, plaintiff needs to exhaust his administrative remedies before he can proceed in federal court.

Plaintiff has submitted motions for a permanent injunction or, in the alternative, a temporary restraining order (#5, #6). Plaintiff asks the court to order him released to residential confinement or transitional housing. There, plaintiff alleges, he will be eligible for a kidney transplant. When plaintiff seeks release from incarceration, his sole federal remedy is through a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court does not have the power to grant plaintiff the relief that he seeks in this action.

Plaintiff has submitted a motion for appointment of counsel (#7). This motion is moot because the court is dismissing the action.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to seek leave of the court to serve the "administrative claim" without the Nevada Department of Corrections' institutional grievance form (#2) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to use the purchased money order (#3) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion to seek equitable tolling or, in the alternative, equitable estoppel (#4) is **DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's motions for a permanent injunction or, in the alternative, a temporary restraining order (#5, #6) are **DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (#7) is **DENIED** as moot.

///
///
///
///
///

1  IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice for
2 plaintiff's failure to exhaust his administrative remedies.  The court certifies that an appeal from
3 this action is not taken in good faith.  The clerk of the court shall enter judgment accordingly.
4  DATED: July 23, 2012

_____
GLORIA M. NAVARRO
United States District Judge