1
2
3
4

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5
6
7

| PERCY LAVAE BACON, | 2:12-CV-1222 JCM (VCF) |

PERCY LAVAE BACON,

        Plaintiff(s),

v.

OSWALD REYES,

        Defendant(s).

**ORDER**

Presently before the court is plaintiff, appearing pro se, Percy Lavae Bacon's motion for a temporary restraining order. (Doc. # 22). Defendants have not filed a response.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed.R.Civ.P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

**James C. Mahan**
**U.S. District Judge**

1        In plaintiff's motion, he alleges that his constitutional rights have been violated because he can no longer personally microwave his own food. (*See* doc. # 22). The new policy appears to be that the prison utilizes "microwave porters" to heat up food for the prisoners. (*See id.*). The old policy apparently allowed inmates to personally microwave their own food. (*See id.*). Plaintiff seeks this temporary restraining order because of the alleged threat of unsanitary and disease carrying porters. (*See id.*). Plaintiff alleges this new policy is "cruel and unusual," an "equal protection violation," and violates "the protection[s] of the United States Constitution." (*See id.*).

        Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order. Plaintiff has not met that high burden. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order.

        When considering penological interests, the court should first determine the reasonableness of the regulation. *See Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Because plaintiff filed the instant motion seeking a temporary restraining order, the prison has not yet had the opportunity to justify its microwave regulations. (*See* doc. # 22). However, plaintiff also filed the exact same motion seeking a permanent injunction. (Doc. # 23). The court finds it appropriate to permit the prison to respond to these allegations via the normal briefing schedule of a permanent injunction.

        Accordingly,

        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 22) be, and the same hereby is, DENIED.

        DATED October 16, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -