UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERCY LAVAE BACON,<br><br>                Plaintiff,<br><br>v.<br><br>OSWALD REYES, *et al.*,<br><br>                Defendants. | 2:12-cv-01222-JCM-VCF<br><br>**O R D E R**<br><br>(Motion to Extend Prison Copywork Limit #42 and Motion to Prosecute this Action without Providing Defendants a Copy of *Pro Se* Pleadings #43) |

Before the court is *pro se* plaintiff Percy Lavae Bacon's Motion to Extend Prison Copywork Limit. (#42). Defendants filed an Opposition (#49), and plaintiff filed a Reply (#57).

Also before the court is plaintiff Bacon's Motion to Prosecute this Action without Providing Defendants a Copy of *Pro Se* Pleadings. (#43). Defendants filed a Non-Opposition (#50), and plaintiff did not file a Reply.

**Background**

On July 10, 2012, plaintiff filed his motion/application for leave to proceed *in forma pauperis* (#1), motion to seek leave of court to serve the "Administrative Claim" without the Nevada Department of Corrections Institutional Grievance Form (#2), motion to use the purchased money order for the fee (#3), motion to seek equitable tolling (#4), motion for temporary restraining order (#5), motion for permanent injunction (#6), and motion for appointment of counsel (#7). The court issued an order denying plaintiff's pending motions (#1-#7), and dismissing the action *without prejudice*. (#8). The clerk entered judgment against plaintiff on July 23, 2012. (#9).

On August 1, 2012, the plaintiff filed a motion to alter/amend clerk's judgment (#9). (#10). The court entered an order on August 3, 2012, denying the plaintiff's motion (#10). (#11). On August 30,

2012, plaintiff filed a motion for relief from clerk's judgment (#9). (#12). On September 11, 2012, the court issued an order granting the motion for relief (#12) and vacating the order (#8) dismissing the action and the judgment (#9). (#13). On September 25, 2012, plaintiff filed an amended motion/application to proceed *in forma pauperis* (#15), motion for leave to file an overly large § 1983 claim (#16), a motion for appointment of counsel (#17), motion for permanent injunction (#19), and a motion for permanent injunction for the Nevada Department of Corrections to stop purchasing items of food labeled "not for human consumption and no longer allow unlicensed personnel to prepare medically restricted diets" (#20).

On September 28, 2012, plaintiff filed a motion for reasonable explanations as to why Judge Navarro recused herself. (#21). On October 15, 2012, plaintiff filed a motion for temporary restraining order (#22) and a motion for permanent injunction (#23). On October 16, 2012, the court issued an order denying the motion for temporary restraining order (#22). (#25). On October 30, 2012, plaintiff filed a motion to alter or amend the court's order (#25). (#26). Plaintiff filed a motion for temporary restraining order (#27) and a motion for preliminary injunction (#28) on November 7, 2012. On November 8, 2012, the court issued an order denying the motion for temporary restraining order (#27). (#29). On November 19, 2012, the court issued a screening order granting the motion to file overly large complaint (#16), denying the other pending motions (#17, #18, #19, #20, #21, #23, #26, and #28), dismissing several counts and defendants, deferring decision on the *in forma pauperis* application, and staying the action for 90 days. (#30). On November 19, 2012, the clerk filed the plaintiff's complaint. (#31).

On December 14, 2012, plaintiff filed a motion to amend order denying appointment of counsel (#33) and an amended complaint (#34). On December 19, 2012, the court issued an order striking the motion to amend (#33) and the amended complaint (#34). (#35). On December 28, 2012, plaintiff filed a motion for declaratory judgment (#36), which the court struck on January 15, 2013 (#38). On January 16, 2013, the court issued an order scheduling an inmate early mediation conference for March 15,

2013. (#39). On February 6, 2013, the court issued an order vacating the inmate mediation and stating that "if the parties are able to settle the case during the 90 day stay, the $350.00 filing fee need not be paid. However, if the parties are unable to settle, then the Court will reconsider the motion to proceed in forma pauperis (IFP), and plaintiff will have to pay the $350.00 filing fee in full..." (#40). On February 19, 2013, the Attorney General's Office filed a report of the results of the 90-day stay. (#41). On February 26, 2013, plaintiff filed the instant motion to extend prison copywork limit (#42) and motion to prosecute this action without providing defendants a copy of the *pro se* pleadings (#43). On March 1, 2013, the court issued an order granting the plaintiff's motion/application to proceed *in forma pauperis* (#15). (#44).

On March 5, 2013, plaintiff filed a motion for District Judge to reconsider screening order (#45), a notice of shame and farce (#46), and an amended complaint (#47). Plaintiff filed a motion to formally address a misunderstood claim on March 12, 2013. (#48). On March 15, 2013, defendants filed a response to the motion to extend copy work limit (#49) and a non-opposition to the motion to pursue litigation without providing defendants a copy of the *pro se* pleadings (#50). Plaintiff filed a motion for summary judgment on the same day. (#51). On March 22, 2013, defendants filed a notice of acceptance of service. (#53).

On March 26, 2013, plaintiff filed motions for preliminary injunction (#54), a limited discovery order (#55), an order of admonishment (#56), an order to be allowed to serve summons and complaint (#58), and to supplement amended complaint (#59), a reply in support of his motion to extend prison copy limit (#57), and an amended complaint (#60). On March 29, 2013, defendants filed a response to the plaintiff's motion to formally address misunderstood claims (#48). (#61).

**Motion to Prosecute this Action without Providing Defendants a Copy of *Pro Se* Pleadings (#43)**

    **A.**    **Arguments**

Plaintiff asks this court to permit him to prosecute this action without having to provide defendants and/or their counsel with a copy of his *pro se* filings. (#43). Plaintiff asserts that he cannot

3

1 adequately prosecute this action, because the Nevada Department of Corrections' ban on all carbon
2 paper use forces the prisoners use copy credit to xerox all pleadings for service upon defendants. *Id.*
3 Plaintiff argues that he has "been hindered, delayed and interfered with," and that the law library
4 supervisor is ignoring court orders to extend copy privileges. *Id.* The defendants assert that "[w]ithout
5 conceding the false allegations [p]laintiff puts forth in support of his CD #43 Motion, [d]efendants
6 agree to waive separate service of the documents from [p]laintiff via U.S. mail and instead agree to
7 exclusive service by way of the electronic notification when the copy is filed with the Court." (#50).

9 As defendants waive separate service and consent to service via the court's electronic filing
10 system (#50), the court accepts this waiver and grants plaintiff's motion (#43). Plaintiff may proceed
11 with this action without having to serve defendants with copies of his *pro se* filings. This waiver
12 applies to this action only, and is not applicable/transferable to any other action plaintiff is currently
13 litigating or any future action plaintiff commences. This ruling is not intended to enable plaintiff to file
14 frivolous, duplicative, or large pleadings, rather it is intended to minimize the cost of litigation. *See*
15 Federal Rule of Civil Procedure 1 (stating that the rules "should be construed and administered to
16 secure the just, speedy, and inexpensive determination of every action and proceeding.").

17 **Motion For Extension/Enlargement of Copies (#42)**

18     **A.**    **Arguments**

19 Plaintiff asks this court to extend his copywork limit from $100.00 to $500.00, as he as reached
20 his $100.00 copy limit, the Nevada Department of Corrections banned all carbon paper use, and
21 plaintiff needs to file originals of all pleadings, motions, and other documents in this action, as well as
22 serve the defendants and maintain a copy for himself. (#42). Plaintiff asserts that he is not asking for
23 a blanket order of unlimited copywork, rather he "seeks only a reasonable allowance of $500.00 copy
24 work for documents relevant to the instant civil rights complaint, including, but not limited to,
25 supplemented/amended pleadings, motions, responses, replies, notices, etc." *Id.*

4

Defendants oppose the plaintiff's motion to extend copy work (#42), and argue that plaintiff's request for "an additional 500 percent increase in his prison copy work limit" should be denied. (#49). The defendants assert that plaintiff has not "met his burden demonstrating a need or an entitlement to an increase in his copy work," as he has only stated that the copies are needed for the "broad purpose of filing 'supplemented/amended pleadings, motions, responses, replies, notices, etc,' in the instant litigation." *Id.* Defendants state that based on plaintiff's "historical litigation practices,[1]" plaintiff would "no doubt spend the outrageous sum and essentially receive the unlimited copy work he is not entitled to have." *Id.*

Defendants point to the number of motions filed by the plaintiff, both before defendants were aware of the litigation and after, and during the court imposed stay, and argue that "if [p]laintiff would stop filing frivolous motions and wait for [d]efendants to file their answer or other responsive pleading, this would eliminate further need for wasteful spending in furtherance of [p]laintiff's litigation hobby." *Id.* Defendants assert that their waiver of separate service of plaintiff's documents negates plaintiff's argument that an extension is necessary in order to make copies of plaintiff's documents for service upon defendants. *Id.* Defendants ask this court to deny the plaintiff's motion (#43), or in the alternative, to require plaintiff "to put into writing a budget or itemization of what copies he believes

---

[1] Defendants assert that plaintiff's "unorthodox litigation practices" are well documented in this action:

"In this Court's screening Order, the Court observed that "Plaintiff is a frivolous and vexatious litigant." [(#30)]. at 5:24. "Plaintiff has abused the state judicial system even more. The Eighth Judicial District Court has declared plaintiff to be a vexatious litigant." *Id.* at 5:25-5:27 (citing *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008) (table disposition)). "The Nevada Supreme Court warned plaintiff that his continued frivolous attempts to obtain relief from his judgment of conviction could lead to a loss of his credits pursuant to § 209.451(1)(d). Plaintiff continued his vexatious and frivolous litigation. The Nevada Supreme Court directed plaintiff to show cause why he should not be restricted in filing petitions for original writs or appeals in that court." *Id.* at 5:27-6:4 (citing *Bacon v. State*, 281 P.3d 1152 (Nev. 2009) (table disposition) and *Bacon v. Eighth Judicial Dist. Court*, 2012 WL 447265, *1 (Nev. Feb. 10, 2012) (table disposition)). "The order to show cause did not deter plaintiff. He filed another petition for an original writ after the order was entered. The Nevada Supreme Court then restricted plaintiff's ability to file civil appeals or petitions for original writs." *Id.* at 6:10-6:13 (citing *Bacon v. Eighth Judicial Dist. Court*, No. 58414 (April 25, 2012))."

5

1 are necessary to pursue this action before Defendants file their Answer or other responsive pleading,
2 and to renew that writing at various stages of the litigation." *Id.*

3 Plaintiff asserts in his reply that the court should grant him relief, as (1) the District Judge
4 screened his complaint, "determining that the plaintiff does state a claim in which relief is warranted,"
5 (2) the word "vexatious litigant" has no place in this action, (3) defendants opposed the motion in bad
6 faith, (4) plaintiff is not seeking free copy work, rather he knows he is required to pay back any debt
7 he has accumulated, (5) plaintiff only gets two hours twice a week in the law library, and (6) it is not
8 fair to limit plaintiff and hinder his ability to litigate this action and for defendants to not be "limited
9 in anything." (#57).

### B. Relevant Law/Authority

Pursuant to the NDOC Administrative Regulation 722, entitled "Inmate Legal Access," inmates are not constitutionally entitled to free copy work, and may only "accrue a maximum of $100 debt for copy work expenses for all cases, not per case." AR 722(9)(A) and (D). Regulation 722 also states that copy machines are to be used only by inmates copying legal materials needed for current litigation. AR 722(10)(A). To ensure the inmates do not exceed their copy limit, the prison staff maintains a log of the number of photocopies provided to each inmate. AR 722(8)(G) and (H).

The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. A denial of free or unlimited photocopying does not amount to a denial of access to the courts. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). As "broad as the constitutional concept of liberty is, it does not include the right to xerox." *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983).

### C. Discussion

As an initial matter, the court observes that since commencing this action in July of 2012, plaintiff has filed thirty-four (34) motions in this action: three (3) that have been stricken, eighteen (18) that have been denied, three (3) that have been granted, and ten (10) that have not been ruled upon. *See*

6

Docket in Case No. 2:12-cv-01222-JCM-VCF. The court considers this, as well as plaintiff's litigation history in other courts, when deciding on the motion to enlarge copy work limit (#42).

With regard to plaintiff's argument that the court recognizes his claims have merit (#57), the court notes that upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e), and that federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief *may* be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). The court's screening order (#30), therefore, is not a determination that "the plaintiff does state a claim in which relief *is* warranted," as plaintiff asserts, and is only a *preliminary* screening, taking all allegations as true. *Id*; (#57)(emphasis added).

The court understands that the ban on carbon paper may have contributed to plaintiff exceeding his copy limit, as the local and federal rules require plaintiff to serve defendants with a copy of his filings and plaintiff wishes to retain a copy for himself. (#42). As all defendants waived separate service of the plaintiff's filings (#50), and plaintiff is no longer required to make additional copies for service upon the defendants, the court does not consider in determining the motion (#42) plaintiff's argument that he must make copies for service upon defendants.

The court finds that plaintiff's request for a $500.00 enlargement of his copy work limit is essentially a request for unlimited copy work. Plaintiff has not demonstrated a specific showing of need for the copies, and only generally states that he needs the copy work to file "supplemented/amended pleadings, motions, responses, replies, notices, etc," in the instant litigation. (#42). The court denies plaintiff's request *without prejudice*. Plaintiff may re-file the motion to extend the copy work limit, including a copy budget, indicating what plaintiff anticipates using the additional copy credit for in light

of the defendants' waiver of service.

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Percy Lavae Bacon's Motion to Extend Prison Copywork Limit (#42) is DENIED *without prejudice*.

IT IS THEREFORE ORDERED that, within thirty (30) days from the entry of this order, plaintiff may re-file his motion with the court, including a copy budget, indicating what plaintiff anticipates using the additional copy credit for in light of the defendants' waiver of service.

IT IS FURTHER ORDERED that the court accepts defendants' waiver of service (#50). This waiver applies to the above captioned action only, and is not applicable/transferable to any other action plaintiff is currently litigating or any future action plaintiff commences.

IT IS THEREFORE ORDERED that plaintiff Bacon's Motion to Prosecute this Action without Providing Defendants a Copy of *Pro Se* Pleadings (#43) is GRANTED.  Plaintiff is not required to send copies of filings to the defendants through the United States mail, and defendants must rely solely on the CM-ECF system for notification of filings.

DATED this 3rd day of April, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8