UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERCY LAVAE BACON,<br><br>        Plaintiff,<br><br>v.<br><br>OSWALD REYES, *et al.*,<br><br>        Defendants. | 2:12-cv-01222-JCM-VCF<br><br>**O R D E R**<br><br>(Motion for A Limited Discovery Order #55 and Motion For A Joint Status Conference and Request to Stay Responses to Pending Motions #73) |

Before the court is *pro se* plaintiff Percy Lavae Bacon's Motion for A Limited Discovery Order. (#55). Defendants did not file an Opposition.

Also before the court is the defendants' Motion For A Joint Status Conference and Request to Stay Responses to Pending Motions. (#73). The deadline to file a response has not expired.

**Background**

On July 10, 2012, plaintiff filed his motion/application for leave to proceed *in forma pauperis* (#1), motion to seek leave of court to serve the "Administrative Claim" without the Nevada Department of Corrections Institutional Grievance Form (#2), motion to use the purchased money order for the fee (#3), motion to seek equitable tolling (#4), motion for temporary restraining order (#5), motion for permanent injunction (#6), and motion for appointment of counsel (#7). The court issued an order denying plaintiff's pending motions (#1-#7), and dismissing the action *without prejudice*. (#8). The clerk entered judgment against plaintiff on July 23, 2012. (#9).

On August 1, 2012, the plaintiff filed a motion to alter/amend clerk's judgment (#9). (#10). The court entered an order on August 3, 2012, denying the plaintiff's motion (#10). (#11). On August 30, 2012, plaintiff filed a motion for relief from clerk's judgment (#9). (#12). On September 11, 2012, the

court issued an order granting the motion for relief (#12) and vacating the order (#8) dismissing the action and the judgment (#9). (#13). On September 25, 2012, plaintiff filed an amended motion/application to proceed *in forma pauperis* (#15), a motion for leave to file an overly large § 1983 claim (#16), a motion for appointment of counsel (#17), a motion for permanent injunction (#19), and a motion for permanent injunction for the Nevada Department of Corrections to stop purchasing items of food labeled "not for human consumption and no longer allow unlicensed personnel to prepare medically restricted diets" (#20).

On September 28, 2012, plaintiff filed a motion for reasonable explanations as to why Judge Navarro recused herself. (#21). On October 15, 2012, plaintiff filed a motion for temporary restraining order (#22) and a motion for permanent injunction (#23). On October 16, 2012, the court issued an order denying the motion for temporary restraining order (#22). (#25). On October 30, 2012, plaintiff filed a motion to alter or amend the court's order (#25). (#26). Plaintiff filed a motion for temporary restraining order (#27) and a motion for preliminary injunction (#28) on November 7, 2012. On November 8, 2012, the court issued an order denying the motion for temporary restraining order (#27). (#29). On November 19, 2012, the court issued a screening order granting the motion to file overly large complaint (#16), denying the other pending motions (#17, #18, #19, #20, #21, #23, #26, and #28), dismissing several counts and defendants, deferring decision on the *in forma pauperis* application, and staying the action for 90 days. (#30). On November 19, 2012, the clerk filed the plaintiff's complaint. (#31).

On December 14, 2012, plaintiff filed a motion to amend order denying appointment of counsel (#33) and an amended complaint (#34). On December 19, 2012, the court issued an order striking the motion to amend (#33) and the amended complaint (#34). (#35). On December 28, 2012, plaintiff filed a motion for declaratory judgment (#36), which the court struck on January 15, 2013 (#38). On January 16, 2013, the court issued an order scheduling an inmate early mediation conference for March 15, 2013. (#39). On February 6, 2013, the court issued an order vacating the inmate mediation and stating

2

that "if the parties are able to settle the case during the 90 day stay, the $350.00 filing fee need not be paid. However, if the parties are unable to settle, then the Court will reconsider the motion to proceed in forma pauperis (IFP), and plaintiff will have to pay the $350.00 filing fee in full..." (#40). On February 19, 2013, the Attorney General's Office filed a report of the results of the 90-day stay. (#41). On February 26, 2013, plaintiff filed the instant motion to extend prison copywork limit (#42) and motion to prosecute this action without providing defendants a copy of the *pro se* pleadings (#43). On March 1, 2013, the court issued an order granting the plaintiff's motion/application to proceed *in forma pauperis* (#15). (#44).

On March 5, 2013, plaintiff filed a motion for District Judge to reconsider screening order (#45), a notice of shame and farce (#46), and an amended complaint (#47). Plaintiff filed a motion to formally address a misunderstood claim on March 12, 2013. (#48). On March 15, 2013, defendants filed a response to the motion to extend copy work limit (#49) and a non-opposition to the motion to pursue litigation without providing defendants a copy of the *pro se* pleadings (#50). Plaintiff filed a motion for summary judgment on the same day. (#51). On March 22, 2013, defendants filed a notice of acceptance of service. (#53).

On March 26, 2013, plaintiff filed motions for preliminary injunction (#54), a limited discovery order (#55), an order of admonishment (#56), an order to be allowed to serve summons and complaint (#58), and to supplement amended complaint (#59), a reply in support of his motion to extend prison copy limit (#57), and an amended complaint (#60). On March 29, 2013, defendants filed a response to the plaintiff's motion to formally address misunderstood claims (#48). (#61). The court issued an order on April 4, 2013, denying without prejudice plaintiff's motion to extend copywork limit (#42), accepting defendants' waiver of service (#50), and granting plaintiff's motion to proceed without serving defendants (#43). (#62).

On April 5, 2013, plaintiff filed a motion for a preliminary injunction (#63), a motion to "clearly establish as a claim that the plaintiff never submitted a "civil action" or a writ of habeas corpus" (#64),

3

1  a request for judicial notice (#65), and a motion seeking this Honorable Court to request that the United
2  States Attorney General conduct a formal investigation (#66).
3        On April 8, 2013, the court issued a minute order striking plaintiff's amended complaint (#60).
4  (#67). On the same day, the defendants filed a motion to stay plaintiff's dispositive motion or for
5  enlargement of time. (#68). On April 10, 2013, plaintiff filed objections to the court's order (#62).
6  (#70). On April 12, 2013, the defendants filed a motion (#71) to strike the plaintiff's motion for
7  preliminary injunction (#54) and the instant motion for a joint status conference (#73). On April 18,
8  2013, plaintiff filed a motion (#75) to strike defendants' motion to stay (#68), an objection (#76) to the
9  court's order (#62), an objection (#77) to the court's minute order (#67), and a response (#78) to the
10  defendants' motion to stay (#68).

**Motion For A Limited Discovery Order (#55)**

    **A.**    **Argument**

Plaintiff's motion for a limited discovery order asks this court to order defendants to provide plaintiff with the identities of all "meat compan[ies] in which the Nevada Department of Corrections has ordered and or purchased meat products from in the last ten years [so] these compan[ies] can be served a summons and complaint." (#55). Plaintiff does not indicate that he sought this discovery from defendants before seeking the court's intervention. *Id.*

    **B.**    **Relevant Law/Discussion**

Pursuant to Local Rule 16-1(b), no discovery plan is required in actions by or on behalf of inmates under 42 U.S.C. § 1983, and "a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears." "Unless otherwise ordered by the court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the court." Local Rule 26-8. Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." *Pro se*

plaintiffs are held to a less stringent standard than those who are represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972). However, *pro se* plaintiffs are still required to familiarize themselves with the Federal Rules of Civil Procedure as well as the Local Rules of this court, and a failure to comply with these rules could warrant sanctions. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Plaintiff's amended complaint was filed on March 5, 2013 (#47), and defendants first appeared[1] in this action on March 15, 2013, to file a response (#49) to plaintiff's motion to extend copywork limit (#42). A notice of acceptance of service was filed on March 22, 2013 (#53). The defendants' answers are due on or before May 21, 2013. (#53). Discovery has not commenced in this action. After conducting the status conference on May 20, 2013, as ordered below, the court will enter a scheduling order and the parties can begin discovery. Plaintiff is advised that he is <u>not</u> to file discovery requests or responses with the court, and that any motion to compel discovery will <u>not</u> be considered by the court unless plaintiff has made a good faith effort to resolve the issue with the defendants before filing the motion. *See* LR 16-1(b), 26-7(b), and 26-8; *See also Jacobsen* 790 F.2d at 1364-65.

**Motion For Joint Status Conference and Request to Stay Responses to Pending Motions (#73)**

    **A.**    **Arguments**

Defendants assert in their motion that as of the date of filing, thirty-one (31) motions have been filed in this action, "with the overwhelming majority of them coming from [p]laintiff." (#73). Defendants state that "counsel has made a valiant effort to respond to [p]laintiff's papers and pleadings up to this point, but [p]laintiff's litigation tactics are now creating a hindrance to the litigation process and the just and speedy resolution of this case as well as others with which the Office of the Attorney

---

[1] The Attorney General's Office appeared in this action on December 10, 2013, solely for purposes of discussing settlement. (#32). On February 19, 2013, the Attorney General's Office filed the report of the results of the 90-day stay. (#41). This was before the court granted *in forma pauperis* (#44) and the filing of plaintiff's amended complaint (#47).

5

General is tasked to defend with limited time and resources." *Id.* Defendants ask this court for a joint status conference "to obtain the [c]ourt's direction in proceeding henceforth and perhaps in protecting [d]efendants from having to respond to papers intended solely to harass and unnecessarily prolong the litigation." *Id.*

### B.  Discussion

Plaintiff has filed thirty-six motions in this action. Plaintiff has nine (9) motions currently pending on the court's docket. (#48, #55, #56, #58, #59, #63, #64, #66, and #75). Plaintiff has also filed three (3) objections to the court's orders (#70, #76, and #77) and a motion for reconsideration of the court's screening order (#45). Defendants have three pending motions on the court's docket, including a motion to stay plaintiff's dispositive motion (#68), motion to strike plaintiff's preliminary injunction (#71), and the instant motion for joint status conference and request for stay (#73).

As the court stated in its screening order, "[p]laintiff is a frivolous and vexatious litigant." (#30). The Eighth Judicial District Court declared plaintiff to be a vexatious litigation in *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008), and the Nevada Supreme Court warned plaintiff in *Bacon v. State*, 281 P.3d 1152 (Nev. 2009) that his continued frivolous attempts to obtain relief from his judgment of conviction could lead to a loss of credits in. *Id.* The Nevada Supreme Court eventually restricted plaintiff's ability to file civil appeals or petitions for original writs. *Id; Bacon v. Eighth Judicial Dist. Court*, No. 58414 (April 25, 2012).

Based on the court's docket in this action, it appears that plaintiff has continued his vexatious litigation practices. The court's screening order advising plaintiff that the court was aware of his litigation history (#30) did not deter plaintiff from unnecessarily filing multiple frivolous motions before the court entered a scheduling order or the defendants filed an answer. A status conference is scheduled for May 20, 2013, at 1:00 p.m., to discuss the proceedings with the parties and to hopefully avoid having to enter an order to show cause why plaintiff should not be deemed vexatious and the court should not dismiss the complaint. Briefing on <u>all</u> pending motions (#48, #56, #58, #59, #63, #64, #66, #68, #71,

6

and #75) is stayed.  Briefing is also stayed on any motions filed before the May 20, 2013, status conference.

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Percy Lavae Bacon's Motion for A Limited Discovery Order (#55) is DENIED.  The court will enter a scheduling order *after* conducting the status conference in this matter.

IT IS FURTHER ORDERED that defendants' Motion For A Joint Status Conference and Request to Stay Responses to Pending Motions (#73) is GRANTED.

IT IS THEREFORE ORDERED that a status conference is scheduled for May 20, 2013, at 1:00 p.m.

IT IS FURTHER ORDERED that plaintiff will appear telephonically.

IT IS FURTHER ORDERED that the Attorney General's Office will make the necessary arrangements for plaintiff to appear by telephone and, at least two days prior to the hearing, will provide Jerry Ries, Courtroom Administrator, with the telephone number at which the Plaintiff can be reached.

IT IS FURTHER ORDERED that briefing on <u>all</u> pending motions (#48, #56, #58, #59, #63, #64, #66, #68, #71, and #75) and on any motions filed before the May 20, 2013, status conference is STAYED.

DATED this 22nd day of April, 2013.

                                                    **CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**