**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

PERCY LAVAE BACON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　2:12-cv-01222-JCM-VCF
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　**O R D E R AND REPORT AND**
　　　　　　　　　　　　　　　　　　　)　**RECOMMENDATION**
OSWALD REYES, *et al.*,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　(Pending Motion #48, #56, #58, #59, #64,
　　　　　　　　Defendants.　　　　　　)　#66, #68, #75, and #82)
_____)

Before the court are *pro se* plaintiff Percy Lavae Bacon's Pending Motions.  (#48, #56, #58, #59, #64, #66, #75, and #82).  Defendants filed an Opposition (#61), and Plaintiff filed a Reply (#69).

Also before the court is the defendants' Motion to Stay Plaintiff's Dispositive Motion, or alternatively, Motion for Enlargement of Time (First Request).  (#68).  Plaintiff filed an Opposition (#78), and defendants did not file a Reply.  The court held a status conference on May 20, 2013.  (#86).

**I.**　　**Background**

On July 10, 2012, plaintiff filed his motion/application for leave to proceed *in forma pauperis* (#1), motion to seek leave of court to serve the "Administrative Claim" without the Nevada Department of Corrections Institutional Grievance Form (#2), motion to use the purchased money order for the fee (#3), motion to seek equitable tolling (#4), motion for temporary restraining order (#5), motion for permanent injunction (#6), and motion for appointment of counsel (#7).  The court issued an order denying plaintiff's pending motions (#1-#7), and dismissing the action *without prejudice*.  (#8).  The clerk entered judgment against plaintiff on July 23, 2012.  (#9).

On August 1, 2012, the plaintiff filed a motion to alter/amend clerk's judgment (#9).  (#10).  The court entered an order on August 3, 2012, denying the plaintiff's motion (#10).  (#11).  On August 30, 2012, plaintiff filed a motion for relief from clerk's judgment (#9).  (#12).  On September 11, 2012, the

court issued an order granting the motion for relief (#12) and vacating the order dismissing the action (#8) and the judgment (#9).    (#13).    On September 25, 2012, plaintiff filed an amended motion/application to proceed *in forma pauperis* (#15), a motion for leave to file an overly large § 1983 claim (#16), a motion for appointment of counsel (#17), a motion for permanent injunction (#19), and a motion for permanent injunction for the Nevada Department of Corrections to stop purchasing items of food labeled "not for human consumption and no longer allow unlicensed personnel to prepare medically restricted diets" (#20).

On September 28, 2012, plaintiff filed a motion for reasonable explanations as to why Judge Navarro recused herself. (#21). On October 15, 2012, plaintiff filed a motion for temporary restraining order (#22) and a motion for permanent injunction (#23). On October 16, 2012, the court issued an order denying the motion for temporary restraining order (#22). (#25). On October 30, 2012, plaintiff filed a motion to alter or amend the court's order (#25). (#26). Plaintiff filed a motion for temporary restraining order (#27) and a motion for preliminary injunction (#28) on November 7, 2012. On November 8, 2012, the court issued an order denying the motion for temporary restraining order (#27). (#29). On November 19, 2012, the court issued a screening order granting the motion to file overly large complaint (#16), denying the other pending motions (#17, #18, #19, #20, #21, #23, #26, and #28), dismissing several counts and defendants, deferring decision on the *in forma pauperis* application (#15), and staying the action for 90 days. (#30). On November 19, 2012, the clerk filed the plaintiff's complaint. (#31).

On December 14, 2012, plaintiff filed a motion to amend order denying appointment of counsel (#33) and an amended complaint (#34). On December 19, 2012, the court issued an order striking the motion to amend (#33) and the amended complaint (#34). (#35). On December 28, 2012, plaintiff filed a motion for declaratory judgment (#36), which the court struck on January 15, 2013 (#38). On January 16, 2013, the court issued an order scheduling an inmate early mediation conference for March 15, 2013. (#39). On February 6, 2013, the court issued an order vacating the inmate mediation and stating

that "if the parties are able to settle the case during the 90 day stay, the $350.00 filing fee need not be paid. However, if the parties are unable to settle, then the Court will reconsider the motion to proceed in forma pauperis (IFP), and plaintiff will have to pay the $350.00 filing fee in full..." (#40). On February 19, 2013, the Attorney General's Office filed a report of the results of the 90-day stay. (#41). On February 26, 2013, plaintiff filed a motion to extend prison copywork limit (#42) and a motion to prosecute this action without providing defendants a copy of the *pro se* pleadings (#43). On March 1, 2013, the court issued an order granting the plaintiff's motion/application to proceed *in forma pauperis* (#15). (#44).

On March 5, 2013, plaintiff filed a motion for District Judge to reconsider screening order (#45), a notice of shame and farce (#46), and an amended complaint (#47). Plaintiff filed a motion to formally address a misunderstood claim on March 12, 2013. (#48). On March 15, 2013, defendants filed a response to the motion to extend copy work limit (#49) and a non-opposition to the motion to pursue litigation without providing defendants a copy of the *pro se* pleadings (#50). Plaintiff filed a motion for summary judgment on the same day. (#51). On March 22, 2013, defendants filed a notice of acceptance of service. (#53).

On March 26, 2013, plaintiff filed motions for preliminary injunction (#54), a limited discovery order (#55), an order of admonishment (#56), an order to be allowed to serve summons and complaint (#58), and to supplement amended complaint (#59), a reply in support of his motion to extend prison copy limit (#57), and an amended complaint (#60). On March 29, 2013, defendants filed a response to the plaintiff's motion to formally address misunderstood claims (#48). (#61). The court issued an order on April 4, 2013, denying without prejudice plaintiff's motion to extend copywork limit (#42), accepting defendants' waiver of service (#50), and granting plaintiff's motion to proceed without serving defendants (#43). (#62).

On April 5, 2013, plaintiff filed a motion for a preliminary injunction (#63), a motion to "clearly establish as a claim that the plaintiff never submitted a "civil action" or a writ of habeas corpus" (#64),

a request for judicial notice (#65), and a motion seeking this Honorable Court to request that the United States Attorney General conduct a formal investigation (#66).

On April 8, 2013, the court issued a minute order striking plaintiff's amended complaint (#60). (#67). On the same day, the defendants filed a motion to stay plaintiff's dispositive motion or for enlargement of time. (#68). On April 10, 2013, plaintiff filed objections to the court's order (#62). (#70). On April 12, 2013, the defendants filed a motion (#71) to strike the plaintiff's motion for preliminary injunction (#54) and the instant motion for a joint status conference (#73). On April 18, 2013, plaintiff filed a motion (#75) to strike defendants' motion to stay (#68), an objection (#76) to the court's order (#62), an objection (#77) to the court's minute order (#67), and a response (#78) to the defendants' motion to stay (#68).

The court entered an order on April 22, 2013, regarding plaintiff's motion for limited discovery (#55) and defendants' motion for a joint status conference (#79). (#79). Plaintiff's motion for a limited discovery order asked this court to order defendants to provide plaintiff with the identities of all "meat compan[ies] in which the Nevada Department of Corrections has ordered and or purchased meat products from in the last ten years [so] these compan[ies] can be served a summons and complaint." (#55). The court stated that "[d]iscovery has not commenced in this action," and held that "[a]fter conducting the status conference on May 20, 2013, as ordered below, the court will enter a scheduling order and the parties can begin discovery." (#79). The court also stated that "[p]laintiff is advised that he is not to file discovery requests or responses with the court, and that any motion to compel discovery will not be considered by the court unless plaintiff has made a good faith effort to resolve the issue with the defendants before filing the motion. *See* LR 16-1(b), 26-7(b), and 26-8; *See also Jacobsen,* 790 F.2d at 1364-65." *Id.*

Defendants asserted in their motion for status conference that as of the date of filing, thirty-one (31) motions had been filed in this action, "with the overwhelming majority of them coming from [p]laintiff." (#73). Defendants asked this court for a joint status conference "to obtain the [c]ourt's

direction in proceeding henceforth and perhaps in protecting [d]efendants from having to respond to papers intended solely to harass and unnecessarily prolong the litigation." *Id.* The court stated in its order that "[p]laintiff has nine (9) motions currently pending on the court's docket. (#48, #55, #56, #58, #59, #63, #64, #66, and #75)," and that "[p]laintiff has also filed three (3) objections to the court's orders (#70, #76, and #77) and a motion for reconsideration of the court's screening order (#45)."

The court also stated that:

> As the court stated in its screening order, "[p]laintiff is a frivolous and vexatious litigant." (#30). The Eighth Judicial District Court declared plaintiff to be a vexatious litigation in *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008), and the Nevada Supreme Court warned plaintiff in *Bacon v. State*, 281 P.3d 1152 (Nev. 2009) that his continued frivolous attempts to obtain relief from his judgment of conviction could lead to a loss of credits in. *Id.* The Nevada Supreme Court eventually restricted plaintiff's ability to file civil appeals or petitions for original writs. *Id; Bacon v. Eighth Judicial Dist. Court*, No. 58414 (April 25, 2012).
>
> Based on the court's docket in this action, it appears that plaintiff has continued his vexatious litigation practices. The court's screening order advising plaintiff that the court was aware of his litigation history (#30) did not deter plaintiff from unnecessarily filing multiple frivolous motions before the court entered a scheduling order or the defendants filed an answer.

*Id.* The court scheduled a status conference for May 20, 2013, at 1:00 p.m., "to discuss the proceedings with the parties and to hopefully avoid having to enter an order to show cause why plaintiff should not be deemed vexatious and the court should not dismiss the complaint." *Id.* The court stayed briefing on <u>all</u> pending motions (#48, #56, #58, #59, #63, #64, #66, #68, #71, and #75), and briefing on any motions filed before the May 20, 2013, status conference. *Id.*

On April 23, 2013, plaintiff filed a notice of *pro se* judicial notice. (#80). On April 26, 2013, plaintiff filed a response to defendants' claim that plaintiff failed to exhaust administrative remedies (#81), a motion for hearing regarding his response (#81) to defendants' claim that plaintiff failed to exhaust administrative remedies (#82), and a response to defendants' affirmative defense of qualified immunity (#83). On May 17, 2013, defendants filed a motion to dismiss the plaintiff's complaint (#31). (#84). The court held a status conference on May 20, 2013. (#86).

5

## II.     Pending Motions

The court advises plaintiff that although *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel, *pro se* plaintiffs are still required to familiarize themselves with the Federal Rules of Civil Procedure as well as the Local Rules of this court, and that a failure to comply with these rules could warrant sanctions. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972); See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

### A.     Motion to Formally Address a Misunderstood Claim  (#48)

Plaintiff asserts that a claim in his civil rights complaint was "unfairly dismissed due to prior acts of the plaintiff, not the merit of the claim." (#48). Plaintiff requests that this court "re-visit" the dismissed claim. *Id.* This motion appears to seek a reconsideration of the dismissal under Federal Rule of Civil Procedure 60. As the District Judge issued the screening order (#30), the Undersigned Magistrate Judge must issue a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Local Rule IB 1-4.

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff outlines in his motion the proceedings before Judge Bell in the Eighth Judicial District Court, Clark County, Nevada, and before the Nevada Supreme Court relating to him being deemed a vexatious litigant. (#48). With regard to the action before this court, the plaintiff states that his "prior

status...should not have any bearing on the constitutional violations in which this plaintiff is claiming before this court." *Id.* Plaintiff asserts that he is "actually innocen[t] of violating N.R.S. 209.451," and that the claim that defendants Cheryl Burson, Daniel Height, and Tonya Hill all took part in the "manufactured charge of MJ-48 and also the 6-1, by the[ir] actions are not frivolous or due to vexatious litigant...the claims are colorable (sic) constitutional violation[s]..." *Id.*

Defendants state in their opposition that "[p]laintiff asserts, in part, that because the disciplinary violation was subsequently dismissed by NDOC administration, this demonstrates that it was improperly charged to begin with." (#61). Defendants also state that "[p]laintiff mischaracterizes the reason for dismissal, which was based on the fact that a decision on rehearing of the state court order was then still pending." *Id.* Defendants argue that plaintiff, who has since been declared a vexatious litigant by the Nevada Supreme Court, "will not be able to establish liability against [d]efendants." *Id* (Exhibit A- Las Vegas Sun Article Regarding Bacon Filing 108 Appeals and the Supreme Court deeming him "Vexatious").

The court finds that reconsideration of the court's screening order (#30) dismissing claims 28 and 29 is not warranted. As an initial matter, the court did not base its dismissal on plaintiff's actions in the past, rather it dismissed the claims based on the "implausibility" of plaintiff's claims. (#30). The order was not the result of "mistake, inadvertence, surprise, or excusable neglect," as the court set forth the basis within the screening order (#30) for dismissing the claims and found it "implausible for plaintiff to state a claim that [d]efendants Burson and Height manufactured a violation of the prison's disciplinary rules." *See* Fed. R. Civ. P. 60(b)(1). Plaintiff has not presented the court with "newly discovered evidence," and simply maintains his innocence and recounts the proceedings before the state court and Nevada Supreme Court. Fed. R. Civ. P. 60(b)(2);(#48). Reasons three, four, and five of Rule 60(b) are not applicable, and plaintiff has not provided the court with any other "reason that justifies relief." Fed. R. Civ. P. 60(b)(3)-(6); (#48). The court recommends denying plaintiff's motion (#48).

**B.** **Motion for an Order of Admonishment (#56)**

Plaintiff asks this court for "an order of admonishment that directs Deputy Attorney General Raelene K. Palmer, counsel for the named defendants, from continuous attempt[s] to prejudice the mind of this Honorable Court by using tactic to seek an unfair advantage throughout this prosecution." (#56). Plaintiff asserts that defense counsel is trying to prejudice plaintiff by arguing that the instant action has no arguable, factual, or legal basis, and that it is only meant to harass and is repetitive and/or abusive. *Id.* Plaintiff argues that "at no time ha[s] any state or federal court made a substantive finding as to the claimed frivolous or harassing nature of any *pro se* pleadings nor ha[s] this Honorable Court found such on the instant action." *Id.* Plaintiff asks this court to order defense counsel to stop using prejudicial language. *Id.*

Defendants did not file an opposition. Plaintiff does not point to a specific document that allegedly contains this prejudicial language. Defense counsel is obligated to adhere to the rules of this court, and by signing any document, represents that the facts in the document are true and are not intended for an improper purpose. *See* Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.").

Plaintiff asks this court to order defense counsel to stop referring to plaintiff as a "vexatious

8

litigant." (#56). Evidence demonstrates, however, that the Nevada Supreme Court in fact deemed plaintiff vexatious. (#61-1 Exhibit A). Defense counsel is not making any false representation to the court for purposes of prejudicing plaintiff, and is simply presenting plaintiff's litigation history. The plaintiff's motion (#56) is denied.

**C.**     **Motion for an Order to be Allowed to Serve Summons and Complaint upon the Nevada Attorney General's Office  (#58)**

Plaintiff asks this court for an order to be "allowed to serve one summon[s] and one complaint upon the Nevada Attorney General's Office in Carson City, Nevada for it is State Law which requires the Nevada's Attorney General to represent all state employees who were employed by the State of Nevada when the alleged allegations occurred..." (#58). Plaintiff asserts that Attorney General's Office should accept service on behalf of the following defendants: (1) Oswald Reyes, (2) Cheryl Burson, (3) Brian Williams, (4) James Cox, (5) Tonya Hill, (6) Lance Larson, (8) Robert Bannister, (9) Daniel Height, (10) Timothy Filson, and (11) Robert Jensen. *Id.*  Defendants assert that "[o]n March 22, 2013, the undersigned counsel filed a Notice of Acceptance of Service on behalf of Oswald Reyes, Timothy Filson, Cheryl Burson, Ronald Oliver, Robert Jensen, Lance Larson, and Robert Bannister. (CD #53)." (#72). Defendants also assert that the court dismissed defendants Brian Williams, James Cox, and Tonya Hill from this action in its screening order (#30). *Id.*  Defendants state that defendant Daniel Height is a former employee who the Attorney General does not currently represent. *Id.*

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). As the Attorney General has already accepted service on behalf of defendants Oswald Reyes, Timothy Filson, Cheryl Burson, Ronald Oliver, Robert Jensen, Lance Larson, and Robert Bannister (#53), plaintiff's request for the court to issue a summons and complaint as to these defendants (#58) is denied as moot. The request to order the Attorney

General to accept service of the complaint on behalf of Brian Williams, James Cox, and Tonya Hill is denied, as the court dismissed these defendants from this action in its screening order (#30).  As the court herein permits plaintiff to amend his complaint and orders service of the amended complaint on the defendants, including defendant Height, plaintiff's request for service of the original complaint on defendant Height (#58) is moot.

**D.      Motion to Supplement Amended Complaint (#59)**

Plaintiff asks this court to permit him to supplement his complaint, and asserts that "due to an inmates mistake, and the vision in this plaintiff's right eye which the vision has been reduced to 20/400 this motion is necessary for the supplemental claims are essential and bring[] forth colorable issue." (#59).  Plaintiff attached his proposed additional claims (nineteen, twenty, twenty-one, and twenty-two) to the motion to supplement.  *Id.*  Plaintiff also filed his first amended complaint, including claims 19-22.  (#60).  On April 8, 2013, the court issued a minute order stating that pursuant to Local Rule 15-1(a), the court "construes plaintiff's amended complaint (#60) as his attached proposed amended complaint..."  (#67).  The court ordered the clerk to strike the amended complaint (#60).

Rule 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The court filed plaintiff's complaint on November 19, 2012 (#31), and ordered service upon the defendants on March 1, 2013 (#44).  On March 5, 2013, plaintiff filed an amended complaint (#47).  Plaintiff was permitted to file this amended complaint "as a matter of course."  *See* Fed. R. Civ. P. 15(a)(1).  Plaintiff now seeks to amend this complaint again to include additional claims.  (#59).  The court finds that granting in part and denying in part the motion to amend is warranted (#59), as several

10

of plaintiff's claims are subject to dismissal.  *See Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)(holding that "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986)," and "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Baker v. Pacific Far East Lines, Inc*., 451 F.Supp. 84, 89 (N.D.Cal.1978).").

Pursuant to 1915(e)(2)(B)(ii) governing proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted..." 28 U.S.C. 1915(e)(2)(B)(ii).  To survive, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) (internal quotations and citation omitted).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).  The court addresses each of plaintiff's claims below.

**1.   Plaintiff's Proposed Amended Complaint (#60)**

**Claim 1:** Plaintiff asserts in his first claim for relief that defendants Reyes, Larson, and Jensen violated his Eighth Amendment by failing to provide him with a medical diet required because of his kidney condition and prescribed to plaintiff, intentionally excluding authorized items of food which are essential to the preparation of meals prescribed as part of plaintiff's medical treatment, and serving food labeled "not for human consumption."  (#60).  Plaintiff also alleges that the defendants allowed the

11

inmate line-cooks to prepare and administer the plaintiff his restricted meal and to serve food labeled not for human consumption to plaintiff. *Id.* If true, plaintiff's allegations state a claim that these defendants were deliberately indifferent to his serious medical needs under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976)(holding that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under s 1983."). Plaintiff's first claim should survive dismissal.

**Claim 2:** Plaintiff asserts in his second claim for relief that defendants Reyes, Larson, and Jensen violated his Eighth Amendment by instructing inmate line-cooks to use "items of food which w[ere] labeled as food not for human consumption [in food] served to this plaintiff within his prescribed restricted Renal diet..." (#60). Plaintiff asserts that this placed plaintiff in substantial harm and that the defendants did so with intent and "with malice...[a]forethought." *Id.* The plaintiff's allegations, if true, amount to the defendants being deliberately indifferent to plaintiff's medical needs. *Estelle*, 429 U.S. at 105. The allegations, however, are duplicative of plaintiff's first claim and must be dismissed.

**Claim 3:** Plaintiff's third claim asserts that defendants Reyes, Larson, and Jensen violated his Eighth Amendment by purchasing food labeled not fit for human consumption and providing the line-cooks with the food to administer to the plaintiff, causing additional medical problems. (#60). Plaintiff's allegations, accepted as true, state claim under the Eighth Amendment that defendants were deliberately indifferent to his medical needs. *Estelle*, 429 U.S. at 105. Plaintiff's claim regarding ordering the "food not fit for human consumption" is encompassed in the claim above for serving the "food not fit for human consumption." This claim should be dismissed as repetitive.

**Claim 4:** Plaintiff asserts in his fourth claim that defendant Oliver violated his First Amendment when he issued an institutional disciplinary report for theft because plaintiff accepted a regular culinary tray. (#60). Plaintiff alleges that defendant Oliver knew or should have known that plaintiff has an absolute right to retrieve a regular culinary meal if he chose to refuse the medical diet meal, that defendant Oliver witnessed him taking a regular tray in the past without intervening, and that defendant

Oliver issued the disciplinary report in retaliation for the plaintiff filing a civil rights action against the culinary staff for providing inadequate medical diet to plaintiff. *Id.* To assert a claim for retaliation under § 1983, a plaintiff must demonstrate that the defendant "filed the disciplinary action against him in retaliation for [the plaintiff's] exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest." *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Taking plaintiff's allegations as true, plaintiff has satisfied both prongs to assert a claim for retaliation. *Id.* The claim should survive dismissal.

**Claim 5:** Plaintiff asserts in his fifth claim that defendants Reyes, Jensen, and Larson, violated his Eighth Amendment by providing plaintiff with an inadequate amount of food. (#60). Plaintiff alleges that the defendants did not give the plaintiff and other inmates the required 2,900 calories a day, and that the prison overcrowding causes the plaintiff to be provided with less food. *Id.* Plaintiff also alleges that the defendants knew that this lack of food will result in future medical problems and will endanger the possibility of a successful medical treatment for plaintiff. *Id.* Plaintiff re-alleges that the defendants feed plaintiff food not intended for human consumption. *Id.* This allegation is repetitive of those contained in plaintiff's first claim for relief. *Id.*

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* Establishing a violation of the Eighth Amendment requires a two-part showing:(1) an inmate must objectively show that he was deprived of something "sufficiently serious," and (2) an inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Id.*

Taking plaintiff's allegations that the defendants intentionally deprived him of a sufficient amount of food causing medical problems as true, plaintiff has stated a claim for relief under the Eighth

13

Amendment. *Id.* This claim should survive dismissal.

**Claim 6:** Plaintiff alleges that defendants Reyes, Jensen, Larson, and King failed to provide him a "full and adequately authorized and approved medically restricted renal diet due to the prison over crowding problem..." in violation of the Eighth Amendment. (#60). Plaintiff alleges that these defendants had to provide him "whatever was available," and that this "prevented him from enjoying the possibility of a successful medical treatment." *Id.* Plaintiff also alleges that the prison overcrowding caused the defendants to purchase food not fit for human consumption. *Id.* These allegations are duplicative of the claims above, and the only difference is the addition of defendant King. *See Id.* The court should dismiss this claim as duplicative, and, if plaintiff intends to assert claims relating to the adequacy of his food against defendant King, defendant King should be added to the allegations relating to those claims above.

**Claim 7:** Plaintiff alleges that defendants Burson, Height, Filson, and Oliver violated his Fourteenth Amendment by failing to follow the correct procedures in the disciplinary hearing relating to the charge of theft of the regular culinary tray and the issuance of an MJ-48. (#60). Plaintiff alleges that he was not permitted to call witnesses or present evidence on his behalf, and that the defendants purposely failed to record the hearing so that their violations could not be detected. *Id.* Taking plaintiff's allegations as true, plaintiff has stated a claim of violation of due process guaranteed by the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). This claim should survive dismissal.

**Claim 8:** Plaintiff alleges that defendant Burson violated plaintiff's First Amendment when she manufactured an institutional disciplinary action against him and issued plaintiff an institutional disciplinary report. (#60). Plaintiff incorrectly states, as he did in his original complaint, that § 209.451 does not apply to habeas corpus petitions. *Id.* Plaintiff also states that defendant Burson violated his due process rights by creating the institutional disciplinary report for her own purpose and in an attempt to (1) "slow down or chill plaintiff's access to court for a MJ-48," (2) prevent plaintiff from having

physical access to the law library, and (3) place plaintiff in more secure housing away from law books, computers, and inmates with legal knowledge.  *Id.*  Plaintiff states that an institutional disciplinary action based on the same facts in which the state court used to support the finding of guilt in violation of N.R.S. 209.451 "is a direct violation of the double jeopardy clause of the Fourth Amendment."  *Id.*

As the court stated in its screening order (#30), "[i]t is implausible for plaintiff to claim that Defendant[] Burson...manufactured a violation of the prison's disciplinary rules."  Plaintiff has not cured the deficiencies addressed in that order with regard to the allegation that defendant Burson "manufactured" a violation of the prison's disciplinary rules.  The court addresses plaintiff's allegations within claim eight below.

- **Double Jeopardy:** The Fifth Amendment, not the Fourth Amendment, provides that: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb..."  U.S. Const. Amend. V.  The United States Supreme Court has "recognized that the Double Jeopardy Clause consists of several protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."  *Schiro v. Farley*, 510 U.S. 222, 229, 114 S. Ct. 783, 789, 127 L. Ed. 2d 47 (1994)(quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)).  "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense."  *Id* (citing *United States v. Wilson*, 420 U.S. 332, 339, 95 S.Ct. 1013, 1020, 43 L.Ed.2d 232 (1975)).  The plaintiff does not allege that he was charged and convicted of the same *offense* twice, rather he alleges that defendant Burson issued an institutional disciplinary action (MJ-48) based on the same *facts* as Judge Bell did in the state action when the judge found plaintiff guilty of violating N.R.S. 209-451.  The allegations relating to double jeopardy should be dismissed.

- **Fourteenth Amendment:** Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment.  *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494,

52 L.Ed.2d 72 (1977).  "Included within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals." *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994).  "A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, *i.e.*, show a "specific instance in which [he] was actually denied access to the courts."" *Id* at 797.  Courts address whether there was a specific instance where the plaintiff was denied access to the courts before addressing whether the denial was unreasonable. *Id* at n. 2.

Plaintiff alleges that he was denied access to the law library and other resources.  (#60).  Plaintiff does not, however, state that there was a specific instance where he was denied access and suffered an injury.  His claim under the Fourteenth Amendment cannot survive, and should be dismissed. *See Vandelft*, 31 F.3d at 797.

**- First Amendment:** The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. Const. Amend. I.  Plaintiff does not allege that defendant Burson violated his right to freedom of religion, or exercise thereof, the right to freedom of speech or of the press, or the right to peacefully assemble.  (#60).  If plaintiff intends to assert that defendant violated his right to petition the government for a redress of grievances, plaintiff's claim cannot survive.  Plaintiff does not allege that he was stopped from seeking redress, rather he asserts that defendant issued an institutional disciplinary report as a result of Judge Bell's finding that plaintiff violated N.R.S. 209.451.  (#60).  Plaintiff's claim under the First Amendment must be dismissed.

**Claim 9:** Plaintiff alleges in his ninth claim that defendants Burson and Height violated his First Amendment by retaliating against him for appealing the first MJ-48.  (#60).  Plaintiff asserts that the defendants issued a second and third MJ-48 against him because he appealed the first, and that plaintiff

was in fear to continue to use the institutional grievance process. *Id.* Plaintiff also asserts that defendants violated his Fourteenth Amendment, and cites *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) in support of this claim. *Id.* Plaintiff alleges that he successfully appealed from the first MJ-48 violation, and that plaintiff was released from isolation and his institutional disciplinary report was expunged from his central file. *Id.* Plaintiff also alleges that defendant Height "knew or should have known that it is a violation of the plaintiff's due process right to reduce the institutional rule infraction from a MJ-48," and that "disciplinary infraction 6-1 was not violated" because it was based on the same facts which a successful appeal was earned. *Id.* Plaintiff alleges that defendant Height should have dismissed the second and third alleged MJ-48 violations, as they were based solely on the same facts that supported the successful disciplinary appeal. *Id.*

To assert a claim for retaliation under § 1983, a plaintiff must demonstrate that the defendant "filed the disciplinary action against him in retaliation for [the plaintiff's] exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest." *Hines*, 108 F.3d at 267. Taking plaintiff's allegations as true, plaintiff has satisfied both prongs to assert a claim for retaliation. *Id.* The claim should survive dismissal.

With regard to plaintiff's claim under the Fourteenth Amendment, plaintiff does not allege that defendants did not follow the appropriate procedures during the disciplinary hearing, rather he alleges that he was charged two additional times with the same offense based on the same facts *after* successfully appealing his first finding of guilt. (#60). The Fourteenth Amendment is inapplicable to plaintiff's allegations under this portion of claim 9, and such claim should be dismissed.

**Claim 10:** Plaintiff alleges in his tenth claim for relief that defendants Williams, Burson, and Hill violated his Eighth and Fourteenth Amendments by not providing him with the ability to work to earn work credits which would apply to the reduction of his prison term due to the fact that he is disabled. (#60). Plaintiff alleges that other inmates who are not disabled are assigned jobs and are able to earn credit, but that since he suffers from chronic medical conditions which prevent him from doing

17

any lifting (inmates must be able to lift 35 lbs in order to receive a prison job), he is not permitted the same. *Id.* Plaintiff asserts that this is a violation of the American Disability Act (hereinafter "ADA"). *Id.*

The Eighth and Fourteenth Amendments are inapplicable to this claim. The court construes this claim as one under the ADA. Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. *See O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1060-61 (9th Cir. 2007) (holding that "[t]he plain language of the PLRA, as well as Supreme Court and Ninth Circuit precedent, lead us to conclude that exhaustion is required for ADA and Rehabilitation Act claims."). Plaintiff's claim should be dismissed.

**Claim 11:** Plaintiff alleges that defendants Burson and Filson violated his Fourteenth Amendment right to due process by refusing to allow plaintiff to produce witnesses during his disciplinary hearing relating to the charge of theft of the regular culinary tray and the issuance of an MJ-48. (#60). This claim is duplicative of claim 7 above, and should be dismissed.

**Claim 12:** Plaintiff alleges that defendant Bannister violated his Eighth Amendment by refusing to perform surgery on plaintiff to remove the cataracts, thereby causing him to become almost completely blind. (#60). Plaintiff asserts that defendant Bannister knew or should have known that plaintiff needed the surgery, but issued corrective eye wear instead. *Id.* Plaintiff states that this denial amounts to deliberate indifference to his medical needs. *Id.* Plaintiff also alleges a violation of his Fourteenth Amendment due to his theory that defendant denied plaintiff the surgery in an attempt to foreclose plaintiff from brining any other actions and/or litigating this present action. *Id.*

To succeed on an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104(1976)). A serious medical need is demonstrated by showing that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and deliberate indifference toward that need is

demonstrated by showing a prison official engaged in a "purposeful act or failure to respond to a prisoner's pain or possible medical need, causing harm to the inmate. *Estelle*, 429 U.S. at 104. Taking plaintiff's allegations as true, he has stated a claim under the Eighth Amendment upon which relief can be granted.

With regard to his Fourteenth Amendment claim, the court concludes that plaintiff is asserting that defendant is denying him access to the courts by making it more difficult for plaintiff to litigate his claims. (#60). As stated above, *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) requires a showing of *actual* denial of access to the court, not that denial *may* occur in the future. Plaintiff has continued to file multiple motions, objections, and responses in this action, and there is no showing that his eye sight has impaired his ability to do so. Plaintiff's claim under the Fourteenth Amendment should be dismissed.

**Claim 13:** Plaintiff's thirteenth claim is repetitive of his twelfth claim above, and should be dismissed. Plaintiff re-alleges that Bannister violated his Eighth Amendment by refusing to authorize the surgery on his eye. (#60).

**Claim 14:** Plaintiff alleges in his fourteenth claim that defendant Cox violated plaintiff's Fourteenth and Eighth Amendments by refusing to permit plaintiff to participate in compassionate release programs available to him due to his race and to his continuing civil actions against the State of Nevada and its employees. (#60). "Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for "the necessities of prison security and discipline." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (quoting *Lee v. Washington*, 390 U.S. 333, 334, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968) (per curiam)). Taking plaintiff's allegations of race discrimination as true, plaintiff has stated a claim under the Fourteenth Amendment.

Plaintiff does not assert a claim under the Eighth Amendment. (#60). The second portion of this claim appears to be one for retaliation, as plaintiff asserts that he is not permitted to participate in

the programs because he previously exercised his right to petition the government for grievances. *Id*; U.S. Const. Amend. I.  The second portion of his fourteenth claim under the Eighth Amendment should be dismissed.

**Claim 15:** Plaintiff's fifteenth claim is repetitive of his tenth claim above under the ADA, and must be dismissed.  Plaintiff re-alleges that defendants do not allow him to earn credit for prison work due to his disability.  (#60).

**Claim 16:** Plaintiff's sixteenth claim asks this court to "ensure that the plaintiff receive injunctive relief in the form of an order stating that (1) plaintiff be immediately interviewed by a qualified opthamologist to determine if the vision in his right eye can be corrected, (2) the plaintiff is entitled to enjoy the benefits of programs and activities at N.D.O.C., and (3) invalidating institutional Rule MJ-48 as such does not allow due process of law."  (#60).

Rule 35(a)(1) states that "[t]he court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a)(1).  An order for the physical examination "may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(1)(2)(A) and (B).

Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.  Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party."  *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009)(emphasis added); *See also Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003)  (holding that Rule 35 does not permit the court to appoint an expert to examine a party wishing an examination of himself and only, in certain circumstances, allows the court to order

a party to submit to a physical examination at the request of an opposing party).  Ordering a medical examination of plaintiff is inappropriate at this time.

The remaining relief plaintiff seeks in this claim is contingent upon the outcome of the claims asserted above, and the court can assess whether to award this relief after making a determination of plaintiff's other claims.

**Claim 17:** Plaintiff asserts that ROE Corporations sold the defendants meat labeled not fit for human consumption, knowing that the defendants would serve the meat to the plaintiff and others, and that defendants Reyes, Jensen, and Larson knew that the meat purchased from the ROE Corporations were labeled not fit for human consumption.  (#60).  Plaintiff alleges that ROE Corporations and the named defendants violated his Eighth Amendment.  *Id.*  The claim, as it relates to the named defendants, is repetitive of plaintiff's first and third claims, and must be dismissed.

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government.  See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).  Plaintiff has not alleged that the DOE Defendants acted under color of state law when they sold the meat to the prison.  (#60).  As plaintiff has not satisfied the first prong to state a claim under § 1983, this claim should be dismissed.

**Claim 18:** Plaintiff asserts that defendant Burson violated his First Amendment by threatening to punish him for using the grievance system and that this threat stopped him from addressing the denial of a recommended corrective eye surgery.  (#60).  If accepted as true, plaintiff has stated a claim under the First Amendment for retaliation.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

**Claim 19:** Plaintiff's nineteenth claim is brought under Title 11 of the ADA. (#60). As stated above, plaintiff must exhaust his administrative remedies. See *O'Guinn,* 502 F.3d at1060-61(holding that "[t]he plain language of the PLRA, as well as Supreme Court and Ninth Circuit precedent, lead us to conclude that exhaustion is required for ADA and Rehabilitation Act claims."). This claim should be dismissed.

**Claim 20:** Plaintiff's twentieth claim is brought under the Rehabilitation Act. (#60). As with the ADA claims, plaintiff must first exhaust his administrative remedies. *O'Guinn.,* 502 F.3d at 1060-61. This claim should be dismissed.

**Claim 21:** Plaintiff alleges in his twenty-second claim for relief that defendant Bannister violated his Eighth Amendment right to be free from cruel and unusual punishment. (#60). Plaintiff asserts that he suffered and continued to suffer further through the actual loss of vision in his right eye, and that defendant ignored plaintiff's needs and denied his request for surgery in an attempt to save money. *Id.*

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* Establishing a violation of the Eighth Amendment requires a two-part showing:(1) an inmate must objectively show that he was deprived of something "sufficiently serious," and (2) inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Id.* Taking plaintiff's allegations as true, plaintiff has stated a claim for relief under the Eighth Amendment. Plaintiff's allegations, however, are duplicative of his claims in count twelve above, and should be dismissed.

**Claim 22:** Plaintiff asks this court to order defendants to conduct a full investigation as to all civil rights actions in which a plaintiff was actually denied a cataract surgery and to submit an affidavit

from defendant Bannister regarding his expertise in medical care.  (#60).  Plaintiff also asserts in this claim that the court should issue an order requiring  (1) an examination by an expert of his eye, (2) an assessment of how plaintiff qualifies for the programs, (3) eye surgery for plaintiff, and (4) an examination of his needs as a visually impaired individual.  *Id.*  It appears that in requests (2) plaintiff is seeking discovery to support his claims, rather than asserting a claim for relief.  After the court enters a scheduling order in this action, plaintiff may seek discovery from defendants.  *See* LR 16-1(b).  In requests (1) and (4), plaintiff is seeking a medical examination.  (#60).  As stated above, ordering a medical examination of plaintiff under Rule 35 is not appropriate at this time.  *See* Fed. R. Civ. P. 35.  Plaintiff's request (3) for eye surgery is not within the court's power.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepada v. U.S. Immigration Serv*., 753 F.2d 719, 727 (9th Cir. 1985).  "Federal courts lack the power to interfere with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function." *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).  This claim should be dismissed.

**Claim 23:** Plaintiff's twenty-third claim is repetitive of her retaliation claim in count nine, with the addition of defendant Hill.  (#60).  This claim should be dismissed and Hill should be added as a defendant in count nine.

After the District Judge issues a ruling on the report and recommendation regarding the amended complaint and the defendants file a responsive pleading, the court will issue a scheduling order in this  action and the parties can engage in discovery.

**E.      Motion to Clearly Establish as a Claim that the Plaintiff Never Submitted a "Civil Action" or a Writ of Habeas Corpus  (#64)**

23

Plaintiff asks this court to establish that plaintiff "never submitted a "civil action" of any kind on April 7, 2010, April 28, 2010, and April 30, 2010, nor did this plaintiff submit any "writs of habeas corpuses" on those identified dates." (#64). Plaintiff challenges this court's dismissal of his claim alleging that defendants manufactured the MJ-48, and argues that the court's reasoning was fatally flawed. *Id.* Plaintiff also argues that the title "vexatious litigant" is prejudicial, and that this court should not allow this "illegal title" to be used. *Id.* Defendants did not file an opposition to this motion (#64). It appears that plaintiff is seeking the same relief as he did in his previous motion to address misunderstood claim (#48), which the court construes as a motion to reconsider, and his motion for admonishment (#56). The court addressed plaintiff's concerns herein, and the instant motion (#64) is denied (#64) as moot.

**F.     Motion Seeking this Honorable Court to Request that the United States Attorney General Conduct a Formal Investigation (#66)**

Plaintiff asks this court for an order requiring the Attorney General to conduct a formal investigation as to whether Robert Bannister committed known and willful perjury pursuant to 28 U.S.C. § 1746 and U.S.C. § 1621, when he submitted affidavits to the United States District Court claiming to be an expert. (#66). Plaintiff is requesting discovery from the defendants through this motion. Discovery has not commenced. After the court issues the scheduling order, the parties may engage in discovery as governed and limited by the Federal Rules of Civil Procedure. Plaintiff is advised that he is not to file discovery with the court, and that before seeking the court's intervention regarding discovery disputes, he must meet and confer with the defendants in a *good faith* effort to resolve any discovery disputes and must certify that he has done so. *See* LR 26-7(b).

**G.     Motion to Stay Plaintiffs Dispositive Motion, or alternatively, Motion for Enlargement of Time (First Request) (#68)**

Defendants ask this court to stay its ruling on plaintiff's dispositive motion (#51) until defendants can file a responsive pleading to plaintiff's complaint. (#68). Defendants filed a motion to dismiss the complaint on May 17, 2013. (#84). Defendants motion to stay (#68) is moot. As the

24

court discussed with the parties during the hearing, because the court herein permits plaintiff to amend his complaint, the pending motion for summary judgment (#51) and motion to dismiss (#84) relating to the original complaint (#31), are moot.

Plaintiff's motion for summary judgment seeks judgment on counts twelve and thirteen. (#51). The court herein limited count twelve to the Eighth Amendment claim and recommends dismissal of the thirteenth claim as repetitive of the twelfth. Defendants' motion for summary judgment asks this court to dismiss plaintiff's claims based on, among other reasons, his failure to exhaust administrative remedies and claim preclusion. (#84). The court herein recommends dismissal of several of plaintiff's claims for failure to exhaust his administrative remedies. The court recommends denying the motion for summary judgment (#51) and the motion to dismiss (#84) as moot in light of the plaintiff's amended complaint.

**H.      Motion to Strike (#68) Motion to Stay Plaintiffs Dispositive Motion, or alternatively, Motion for Enlargement of Time (First Request) (#75)**

Plaintiff asks this court to strike defendants' motion to stay plaintiffs' dispositive motion (#68), and "demands that this court view this *pro se* pleading..." (#75). The court denies this motion (#75), as the defendants' motion (#68) is moot.

**I.      Motion for Hearing re 81 Response (#82)**

Plaintiff asks this court to conduct a "full and fair evidentiary hearing to determine whether the Nevada Department of Corrections administrative remedies were available to this plaintiff free of any threat..." (#82). Plaintiff is seeking a hearing to determine if one of his claims has merit. *Id.* The court will conduct hearings only if it finds necessary upon the filing of an appropriate dispositive motion. *See* LR 78-2 ("All motions may, in the Court's discretion, be considered and decided with or without a hearing."). Plaintiff's motion (#82) is denied.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Formally Address a Misunderstood Claim (#48) is

DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for an Order of Admonishment (#56) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for an Order to be Allowed to Serve Summons and Complaint upon the Nevada Attorney General's Office  (#58) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's Motion to Supplement Amended Complaint (#59) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that discovery in this action is STAYED pending the District Judge's ruling on the report and recommendation below.

IT IS FURTHER ORDERED that plaintiff's Motion to Clearly Establish as a Claim that the Plaintiff Never Submitted a "Civil Action" or a Writ of Habeas Corpus  (#64) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion Seeking this Honorable Court to Request that the United States Attorney General Conduct a Formal Investigation (#66) is DENIED.

IT IS FURTHER ORDERED that defendants' Motion to Stay Plaintiffs Dispositive Motion, or alternatively, Motion for Enlargement of Time (First Request) (#68) is DENIED as moot.

IT IS THEREFORE ORDERED that plaintiff's Motion to Strike 68 Motion to Stay Plaintiffs Dispositive Motion, or alternatively, Motion for Enlargement of Time (First Request) (#75) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for Hearing re 81 Response (#82) is DENIED.

## RECOMMENDATION

Based on the foregoing, it is the RECOMMENDATION of the Undersigned Magistrate Judge that the court dismiss claims 2, 3, 5 (with regard to the allegations of "food not fit for human consumption" only), 6, 8, 9 (claim under the 14th Amendment only), 10, 11, 12 (claim under 14th Amendment only), 13, 14 (claim under 8th Amendment only), 15, 16, 17, 19, 20, 21, 22 and 23, and order the clerk to file the amended complaint.

IT IS FURTHER RECOMMENDED that the defendants be ordered to file a responsive pleading within fifteen (15) days after the court issues its ruling on the report and recommendation.

IT IS FURTHER RECOMMENDED that the court order the following:

The clerk will electronically serve a copy of this order, a copy of this order and a copy of plaintiff's amended complaint (#60) on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

Subject to the findings of this order, within twenty-one (21) days of the date of entry of this order, the Attorney General's Office must file a notice advising the court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

If service cannot be accepted for any of the named defendant(s), plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

IT IS FURTHER RECOMMENDED that the court DENY the Motion for Summary Judgment (#51) and Motion to Dismiss (#84) as moot in light of the Amended Complaint.

1

## **NOTICE**

2          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

3   writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

4   that the courts of appeal may determine that an appeal has been waived due to the failure to file

5   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

6   held that (1) failure to file objections within the specified time and (2) failure to properly address and

7   brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

8   issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

9   *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10         DATED this 22nd day of May, 2013.

11                                        _____
                                          **CAM FERENBACH**
12                                        **UNITED STATES MAGISTRATE JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                             28