# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

vs.

OSWALD REYES, et al.,

    Defendants.

Case No. 2:12-cv-01222-JCM-VCF

**ORDER**

    Presently before the court is pro se prisoner plaintiff Percy Lavae Bacon's motion for a temporary restraining order. (Doc. # 94).

**I.  Background**

    This is the fourth motion for a temporary restraining order this plaintiff has filed in this case alone. Plaintiff has sought the following relief via a temporary restraining order: (1) placement at a medical facility that could immediately give plaintiff a kidney transplant (doc. # 5); (2) plaintiff be allowed to personally microwave his own food (doc. # 22); and, (3) that he be provided with more toilet paper each week (doc. # 27). In this motion for a temporary restraining order, plaintiff seeks immediate access to the prison law library.

**II.  Legal Standard**

    According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to

preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

**III.   Discussion**

Plaintiff moves the court to require the Southern Desert Correction Center to permit plaintiff physical access to the law library every Monday, Tuesday, and Friday, from 8:00 AM to 10:30 AM, from the date the instant motion was filed until the resolution of this lawsuit. Plaintiff essentially seeks more time in the prison law library.

Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order. Plaintiff has not met that high burden. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order. Temporary restraining orders are mechanism for the court to deal with real, immediate, and serious risks and injuries. This motion simply does not rise to that level, and the court further finds that there is not a high enough likelihood of success on the merits to grant a temporary restraining order.

When considering penological interests, the court should first determine the reasonableness of the regulation. *See Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Because plaintiff filed the instant motion seeking a temporary restraining order, the prison has not yet had the opportunity to justify its policies regarding access to the prison law library. However, plaintiff also filed the exact same motion seeking a preliminary injunction. (*See* doc. # 95). The court finds it appropriate to

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

-2-

permit the prison to respond to these allegations via the normal briefing schedule of a preliminary injunction.

**IV.     Future Filings With This Court**

Plaintiff filed this action with the court on July 10, 2012.  It is less than one year old.  To date, plaintiff has filed approximately forty-two (42) motions on a docket with ninety-five (95) entries.  This includes the four motions for temporary restraining orders.  Additionally, the plaintiff has filed objections or an order for the district judge to reconsider every single ordered entered by the magistrate judge in this case.

The court notes that this plaintiff has "struck out" under the Prison Litigation Reform Act. He has filed more than three actions that were dismissed for being frivolous, malicious or failed to state a claim. *See Percy Lavae Bacon v. Stephen C. Webster et al*, no. 2:05-cv-01267-PMP-GWF; *Bacon v. Laswell*, no. 2:09-cv-02058-PMP-PAL; *Bacon v. State of Nevada*, no. 2:10-cv-01451-KJD-LRL.  Additionally, the Nevada Supreme Court has deemed this plaintiff a vexatious litigant because he submitted at least 108 appeals with that court.

The court does not exist solely to decide this plaintiff's excessive filings.  *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Due to this plaintiff's frivolous and numerous filings with the court, the plaintiff must seek leave of the court to file any further motions with the court in this case.  The request may be no more than two pages in length and state the relief sought and why plaintiff is entitled to any relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 94) be, and the same hereby, is DENIED.

. . .

. . .

. . .

-4-

1    IT IS FURTHER ORDERED that, due to the plaintiff's frivolous and numerous filings in
2 this case, the defendant must request leave of the court to file any further motions with the court in
3 this case.  The request may be no more than two pages and state the relief sought and the reason he
4 is entitled to such relief.
5    DATED June 28, 2013.

_____
UNITED STATES DISTRICT JUDGE