# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| **PERCY LAVAE BACON** | 2:12-cv-01222-JCM -VCF |
| **Plaintiff,** | **ORDER** |
| vs. | **(Motion that Defendants are not entitled to be represented by the Nevada Attorney General #100, Motion to Bar the Defendants from using certain words #101, Motion to Amend/Correct #106, Motion to Strike #107, Motion to Amend #108, Motion that the Defendants and their Counsel has (sic) presented to this Honorable Court in "Bad Faith" #109, Motion Seeking Leave to File #110)** |
| **OSWALD REYES, et al.,** | |
| **Defendants.** | |

Before the Court are *pro se* Plaintiff Percy Bacon's Motion that Defendants are not entitled to be represented by the Nevada Attorney General (#100), Motion to Bar the Defendants from using certain words (#101), Motion to Amend/Correct (#106), Motion to Strike (#107), Motion to Amend (#108), Motion that the Defendants and their Counsel has (sic) presented to this Honorable Court in "Bad Faith" (#109), and Motion Seeking Leave to File (#110). No oppositions have been filed.

**I.     Relevant Background**

On June 25, 2013, *pro se* Plaintiff Bacon filed a fourth Motion for Temporary Restraining Order (#94), and a Motion for Preliminary Injunction (#95). On June 27, 2013, Plaintiff Bacon filed a Motion for Judgment on two questions. (#97). On June 28, 2013, the Court denied Plaintiff's Motion for Temporary Restraining Order (#94) and further ordered that Plaintiff[1] "must request leave of the court to

---

[1] In the penultimate sentence of the Court's Order (#98), Plaintiff Bacon is inadvertently referred to as "the defendant." (#98). From the context of the Order (#98) it is clear that the Court is referring to Plaintiff Bacon and that the restrictions imposed on the filing of motions are directed at him.

file any further motions with the court in this case" and that this request "may be no more than two pages and state the relief sought and the reason he is entitled to such relief." (#98). Between the dates of July 1, 2013 and July 15, 2013, Plaintiff Bacon filed six Motions, *see* (## 100-01, 106-09). Four Motions (## 106-09) were attached to a separate Motion Seeking Leave to File (#110), pursuant to the Court's prior Order (#98).

## II.     Discussion

The Court has ordered that Plaintiff Bacon only file additional Motions if he has first requested leave of the Court, and that these requests state, in less than two pages, "the relief sought and the reason [Plaintiff Bacon] is entitled to such relief." (#98). While none of Plaintiff Bacon's first six motions satisfy the Court's Order (#98), Plaintiff Bacon's Motion Seeking Leave to File (#110) appears to meet the Court's page limit restrictions. The Motion (#110) still fails, however, because Plaintiff Bacon has neither stated with specificity "the relief sought" nor the reason why Plaintiff Bacon "is entitled to such relief." *See* (#98). Plaintiff Bacon states in his Motion (#110) the following:

> (1) "The matter asserted in the attached [Motions 106-09] has never been raised and disposed of on the merits," (2) the issues raised by the aforementioned Motions are "not frivolous or made in bad faith," (3) Plaintiff Bacon has conducted "a reasonable investigation of the facts" that "supports" the filing of his Motions, and (4) Plaintiff Bacon "cannot provide a copy of the Order of this Court" requiring him to "seek leave to file" because he "does not have a Court Order extending" his "copy limited." (#110).

Even if the Court takes these assertions as true, none of the statements specifically describe (1) what relief Plaintiff Bacon seeks, or (2) why Plaintiff Bacon is entitled to any stated relief. Simply because certain issues investigated in good faith by Plaintiff Bacon have yet to be addressed by this Court does

not entitle Plaintiff to file Motions on those issues, pursuant to the Court's Order (#98).  Unless Plaintiff Bacon can show why he is entitled to some specific relief sought through the Motions he wishes to file, the Court will not address any further filings made by him.  Although the Supreme Court holds *pro se* parties to a less stringent standard than those who are represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Ninth Circuit has held that this does not excuse *pro se* parties from following the Federal Rules of Civil Procedure or Orders of the Court.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).  The Court is thus within its authority to strike the present Motions (## 100-02, 106-10).

The goal of every civil action is to ensure that the proceedings are "administered to secure the just, speedy, and inexpensive determination of every action."  *See* FED. R. CIV. P. 1.  The Court provides a forum for all citizens to seek justice.  It is not in the interest of the Court to hinder the ability of a party to pursue his claims.  Neither, however, is it just to allow one party to monopolize scarce judicial resources at the expense of others.  The purpose of the Court's prior Order (#98) is to allow Plaintiff Bacon an opportunity to continue pursuing his claim without halting the Court's ability to adjudicate other concurrent actions.  If all parties filed motions with the same frequency and length as Plaintiff Bacon, the present action would effectively be delayed indefinitely.  Compromises that limit a party's unfettered ability to file Motions are therefore necessary to maintain a functioning judiciary and are encouraged by the Federal Rules.  *See* Fed. R. Civ. P. 1 (Advisory Committee Notes, 1993 Amendment).

Accordingly and for good cause shown,

IT IS ORDERED that *pro se* Plaintiff Percy Bacon's Motion that Defendants are not entitled to be represented by the Nevada Attorney General (#100), Motion to Bar the Defendants from using certain words filed (#101), Motion to Amend/Correct (#106), Motion to Strike (#107), Motion to

3

Amend (#108), Motion that the Defendants and their Counsel has presented to this Honorable Court in "Bad Faith" (#109), and Motion Seeking Leave to File (#110) are STRICKEN.

IT IS FURTHER ORDERED:

1. Should Plaintiff Bacon wish to file any further Motions with the Court in this action, he must first request leave of the Court to file.

2. This request must be less than two pages in length and must state with specificity (1) the relief sought, and (2) the reason he is entitled to such relief.

DATED this 22nd day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE