UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

vs.

OSWALD REYES, et al.,

    Defendants.

Case No. 2:12-cv-01222-JCM-VCF

**ORDER**

    Presently before the court is pro se prisoner plaintiff Percy Lavae Bacon's motion for the district court judge to reconsider its screening order. (Doc. # 45). The defendants have not filed a response.

    Also before the court is plaintiff's motion for summary judgment. (Doc. # 51). The defendants have not filed a response.

    Also before the court is plaintiff's motion for a preliminary and permanent injunction. (Doc. # 54). The defendants have not filed a response.

    Also before the court is plaintiff's motion for a preliminary hearing seeking a preliminary and permanent injunction. (Doc. # 63). The defendants have not filed a response.

    Also before the court is plaintiff's objections pursuant to local rule IB 3-1 to an order (doc. # 62) by the magistrate judge. (Doc. # 70). The defendants have not filed a response.

    Also before the court is defendants' motion to strike plaintiff's motion (doc. # 54) for a preliminary injunction. (Doc. # 71). Plaintiff has not filed a response.

. . .

Also before the court is plaintiff's objections pursuant to local rule IB 3-1 to an order (doc. # 62) by the magistrate judge. (Doc. # 76). The defendants have not filed a response.

Also before the court is plaintiff's objections pursuant to local rule IB 3-1 to a minute order (doc. # 67) entered by the magistrate judge. (Doc. # 77). The defendants have not filed a response in opposition.

Also before the court is defendants' motion to dismiss. (Doc. # 84). Plaintiff filed a response (doc. # 88), and defendants have not filed a reply.

Also before the court is the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 87). Plaintiff (doc. # 90) and defendants (doc. # 91) each filed objections to the report and recommendation. Plaintiff (doc. # 93) and defendants (doc. # 103) each filed a response to the other party's objections to the report and recommendation.

Also before the court is plaintiff's motion for preliminary injunction. (Doc. # 95). Defendants filed a response in opposition (doc. # 104), and plaintiff has not filed a reply.

Also before the court is plaintiff's motion for judgment. (Doc. # 97). Defendants have not filed a response.

**I.  Background**

This pro se prisoner plaintiff and his multiple filings have made a mess of the docket in this lawsuit. This plaintiff has already been deemed a vexatious litigant by the Nevada Supreme Court for filing 108 appeals.

The court will only address the facts and procedural history necessary to address any of the twelve pending motions in the sections infra. The court will address the motions in a manner that it finds easiest to organize this order.

**II.  Motion to Reconsider (doc. # 45)**

Plaintiff moves the court to reconsider the part of its screening order (doc. # 30) that denied plaintiff the appointment of counsel. In the screening order the court noted that there is no constitutional right to appointed counsel in a § 1983 case. The court further noted that it may appoint counsel "exceptional circumstances." The court found no exceptional circumstances and denied the request for counsel.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff is not presenting the motion based on one of the three reasons for a motion for reconsideration (new evidence, intervening change in the law, or clear error), but, instead, hoping the court will come out a different way if it thinks about the issue again. This is not the true purpose of a motion for reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326, at *6 n. 6 (D. Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time."). None of the three exceptions from *Kona* apply. The court further finds, for the second time, that there are no exceptional circumstances in this case. The motion is denied.

**III.    Summary Judgment (doc. # 51)**

This motion is addressed by the magistrate judge in the report and recommendation. The court finds the summary judgment moot and denies the motion for the reason stated by the magistrate judge in the report and recommendation. *See* section IX infra.

**IV.    Preliminary Injunction (doc. # 54) and Motion to Strike (doc. # 71)**

The plaintiff's motion for preliminary injunction alleges that his family sent him a money order in the mail that was intercepted. Plaintiff alleges the money order contained about $80 and now seeks to enjoin certain parties who are not even a party to this action.

Plaintiff's motion seeks to enjoin the Nevada Department of Corrections ("NDOC") and the Southern Desert Correctional Center ("SDCC"). Neither is a party in this case. Additionally, the claims that are part of the injunction are not relevant and do not pertain to the claims that survived the screening order in this lawsuit. *See* Fed. R. Civ. P. 21. The court denies plaintiff's motion for a preliminary injunction and grants defendants' motion to strike.

. . .

. . .

**V.     Motion for a Hearing (Doc. # 63)**

Plaintiff moves the court to set a hearing on why defendant Robert Bannister denied plaintiff's emergency request for cataract surgery. Plaintiff alleges that defendant Bannister denied the surgical request out of malice.

The court finds that a hearing to resolve these issues is unnecessary and would be a waste of judicial resources. The allegations that plaintiff attempts to resolve via a hearing are part of his amended complaint. The court finds that resolution on the papers is the best course of action.

**VI.    Motions to Reconsider a Magistrate Judge Order (docs. ## 70 & 76)**

Plaintiff filed two sets of objections to an order by the magistrate judge. (Doc. # 77). In the magistrate judge's order (doc. # 62), he denied one of plaintiff's motions (doc. # 42).

Plaintiff requested a $500 increase in allowance to make copies of all his filings in this lawsuit so he could provide defendants with paper copies instead of carbon copies. The magistrate judge found "that plaintiff's request for a $500 enlargement of his copy work limit is essentially a request for unlimited copy work." (Doc. # 62 at p. 7). This court agrees.

Plaintiff complains that he does not have the budget to make copies of all his motions and provide defendants with a copy of his motions. This is largely plaintiff's own fault. Plaintiff has now filed 52 motions in a docket of only 111 entries. The vast majority, if not all, of plaintiff's motion have been frivolous.

The magistrate judge applied the correct legal standard, *see Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) ("A denial of free photocopying does not amount to a denial of access to the courts."), and the court agrees with the outcome. The motion is denied.

**VII.   Motion to Reconsider a Magistrate Judge Order (doc. # 77)**

Plaintiff filed objections to a minute order entered by the magistrate judge. (Doc. # 77). The minute order (doc. # 67) struck plaintiff's amended complaint, which plaintiff never received permission to file.

In any event, the motion is mooted because in the magistrate judge's report and recommendation he recommended permitting plaintiff to file his amended complaint. The motion is denied as moot.

**VIII.   Motion to Dismiss (doc. #84)**

This motion is addressed by the magistrate judge in the report and recommendation. The court finds the motion to dismiss moot and denies the motion for the reason stated by the magistrate judge in the report and recommendation. *See* section IX *infra*.

**IX.   Report and Recommendation**

The report and recommendation lays out the procedural history (*i.e.*- plaintiff's numerous filings) in great detail. The court will not rehash approximately four and one half pages of a long procedural history in a case that is only a year old where the vast majority of the clutter on the docket stems from plaintiff's incessant filings.

The report and recommendation makes recommendations regarding nine motions. The court will briefly summarize the magistrate judge's recommendation for each motion and the reasoning for the recommendation.

First, Magistrate Judge Ferenbach recommends denying plaintiff's motion to formally address a misunderstood claim (doc. # 48) because the motion was really a motion to reconsider the court's screening order and the motion that did not meet or argue any of the reasons for a reconsideration.

Second, Magistrate Judge Ferenbach recommends denying plaintiff's motion for an order of admonishment (doc. # 56). Plaintiff argues that defendants should not be able to refer to him as a vexatious litigant. However, the Nevada Supreme Court deemed plaintiff a vexatious litigant for filing over 108 frivolous appeals.

Third, the magistrate judge recommends denying as moot plaintiff's motion to order the attorney general to accept service of the complaint (doc. # 58) because the magistrate judge permitted plaintiff to amend his complaint.

Fourth, the magistrate judge recommends granting in part and denying in part plaintiff's motion to supplement his amended complaint (doc. # 59). The magistrate judge granted the motion to the extent that some of the newly proposed claims could survive a renewed screening pursuant to 28 U.S.C. § 1915(e). The magistrate judge then screened the proposed amended complaint and dismissed some of the newly proposed claims for not properly stating a claim.

. . .

Fifth, the magistrate judge recommends denying plaintiff's motion to "clearly establish as a claim that the plaintiff never submitted a 'civil action' or a 'writ of habeas corpus.'" (Doc. # 64). The magistrate recommends denying the motion because the claims and arguments made in the motion are completely duplicative of two prior motions filed by plaintiff (docs. ## 48 & 56) that the magistrate judge recommends denying.

Sixth, the magistrate judge recommends denying plaintiff's motion to force the United States Attorney General to conduct a formal investigation whether defendant Robert Bannister lied in affidavits filed to this court. (Doc. # 64). The court denied the motion because the information plaintiff seeks may be obtained via discovery and plaintiff has failed, to date, to engage in a good faith effort to resolve discovery disputes.

Seventh, the magistrate judge recommends denying plaintiff's motion for summary judgment (doc. # 51) because the motion is moot in light of plaintiff's attempt to amend his complaint.

Eighth, the magistrate judge recommends denying plaintiff's motion (doc. # 75) to strike certain filings by defendants because the motion is moot in light of subsequent developments in the case.

Ninth, the magistrate judge recommends denying plaintiff's motion for a hearing (doc. # 82) because the magistrate judge found that a full evidentiary hearing was unnecessary.

Each party filed objections to the report and recommendation (*see* docs. ## 90 & 91), and each party filed a response to the objections of the other party (*see* docs. ## 93 &103). The court has reviewed the objections and the responses entirety.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court has made a de novo review of the initial motions, the report and recommendation, the objections, and the in their responses.

The court agrees with each and every finding and recommendation of the magistrate judge. The court further finds that the majority of the objections and responses are not true objections to the report and recommendation, but, rather, are re-arguments of the motions underlying the report and

recommendation. The court finds it unnecessary to re-type up the report and recommendation and place the reasoning, supporting case law, and holdings in this order. The court, after a de novo review, adopts the report and recommendation in its entirety.

**X.  Preliminary Injunction (doc. # 95)**

Plaintiff moves the court to require SDCC to permit plaintiff physical access to the law library every Monday, Tuesday, and Friday, from 8:00 AM to 10:30 AM, from the date the instant motion was filed until resolution of this lawsuit. Plaintiff essentially seeks an infinite amount of time in the prison law library (even though he has already been deemed a vexatious litigant by the Nevada state courts. The defendants filed a response in opposition. (Doc. # 104).

The Supreme Court has held that to secure an injunction, a plaintiff must establish each of the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships favors the plaintiff; and, (4) advancement of the public interest. *Winter v. NRDC*, 555 U.S. 7, 24 (2008). "Plaintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *3 (D. Nev. Nov. 16, 2012).

Defendants have submitted properly authenticated evidence that plaintiff, depending on the specific date, either (1) did not submit any requests for access to the law library on the dates in question or (2) plaintiff was granted access to the law library but failed to show. The court finds that plaintiff has not established a likelihood of success on the merits. The court further finds that plaintiff has not established any other *Winter* factor.

**XI.  Motion for Judgment (doc. # 97)**

Plaintiff's motion for judgment moves the court to answer two legal questions for plaintiff. Plaintiff asks the court the following two questions:

> 1) "Do (sic) the Prison Litigation Reform Act . . (sic) pursuant to 28 U.S.C. § 1997e 'require that in order to exhaust the prison (sic) must not be in fear of retalation (sic) for engagging (sic) in the administratove (sic) grievance process,' within the Ninth Circuit Court of Appeal?"
>
> 2) "Does a judgment inorder (sic) to alledge (sic) the preclude (sic) provision need to be issued on the 'merits,' of the action . . (sic) And not issued on a 'procedural defect,' within the Ninth Circuit Court of Appeal?"

-7-

(Doc. # 97). The court declines the opportunity to answer the questions for two reasons. First, courts do not give legal advice. Second, Article III courts answer only ripe cases and controversies. From reviewing the "motion" the court is unconvinced the two questions apply to a live case or controversy.

**XII.    Conclusion**

Due to plaintiff's excessive and numerous frivolous filings in this case, this court has already ordered that plaintiff must request leave of the court to file future motions in this case. (*See* doc. # 98). The court resolves the instant motions because plaintiff filed them prior to the court's order restricting plaintiff's filings. However, the court's order remains intact for all future filings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for the district judge to reconsider the screening order (doc. # 45) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 51) be, and the same hereby, is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (doc. # 54) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for a hearing (doc. # 63) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's objections pursuant to local rule IB 3-1 (doc. # 70) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion to strike (doc. # 71) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's objections pursuant to local rule IB 3-1 (doc. # 76), be and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's objections pursuant to local rule IB 3-1 (doc. # 77) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 84) be, and the same hereby, is DENIED without prejudice. Defendants may re-file a motion to dismiss in accordance with the time line in the report and recommendation.

1  IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge
Ferenbach (doc. # 87) be, and the same hereby, is ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (doc. # 95) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment (doc. # 97) be, and the same hereby, is DENIED.

DATED July 26, 2013.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE