# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\*\*\***

PERCY L. BACON,

          Plaintiff,

vs.

OSWALD REYES, *et al.*,

          Defendant.

2:12–cv–01222–JCM–VCF

**<u>ORDER</u>**

Before the court is Defendant Oswald Reyes, *et al.'s* Motion to Stay Discovery (#122[1]). Plaintiff Percy Bacon filed an Opposition (#129); and Reyes Replied (#136).

## I. BACKGROUND

This matter involves incarcerated *pro se* Plaintiff Percy Bacon's seven civil rights claims against a slew of Nevada Department of Corrections employees, including Defendant Oswald Reyes (collectively "Reyes"). (*See* Amend. Compl. (#111) 1–63). Although Bacon initiated this action just over one year ago, U.S. District Judge James C. Mahan has already deemed many of Bacon's filings superfluous and declared Bacon a vexatious litigant. (*See* June 28, 2013, Order (#98) at 3). Judge Mahan's opinion accords with both the Eighth Judicial District Court and the Nevada Supreme Court, which have also recognized Bacon as vexatious. *See Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008); *Bacon v. State*, 281 P.3d 1152 (Nev. 2009). Reflecting on Bacon's various filings, Judge Mahan reminded Bacon that the court does not exist solely to decide Bacon's excessive fillings. (*See* Order

---

[1] Parenthetical citations refer to the court's docket.

1

(#98) at 3) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants")).

Now, Reyes moves the court to stay discovery pending resolution of Reyes's potentially dispositive motion to dismiss. (Mot. to Stay (#122) at 1). In support of Reyes's motion to stay, Reyes relies on Bacon's status as a vexatious litigant who frequently engages in abusive litigation, (*see* Mot. to Stay (#122-1) Aff. of Raelene Palmer at 1:16), and argues that discovery should be stayed because every claim in Bacon's complaint lacks merit. (*Id*. at 4:1–7). According to Reyes, Bacon's claims are meritless because: (1) all but one have been litigated in state court; (2) Bacon admitted that he failed to exhaust administrative remedies; (3) Bacon failed to demonstrate that administrative remedies were unavailable; and (4) Bacon failed to state a claim against Defendant Cox. (*Id*.)

## II. LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* Fed. R. Civ. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal.

2

1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1).

Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)). The Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction).

Two published decisions in this district have held that a stay of discovery is not warranted simply because a dispositive motion is pending. *Twin City Fire Ins. v. Emp'r of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both opinions concluded that to establish good cause for a stay, the moving party must show more than that an apparently meritorious Rule 12(b)(6) motion to dismiss is pending in the litigation. *Id*. Instead, citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982), *Twin City* and *Turner* both ruled a district court "may . . . stay discovery when it is convinced that the Plaintiff will be unable to state a claim for relief." *Twin City*, 124 F .R.D. at 653; *Turner*, 175 F.R.D. at 555. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be

3

where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

The Northern and Eastern District courts of California have applied an analogous but somewhat different two-part test for evaluating whether and under what conditions discovery should be stayed. In *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10-cv-2630 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011), the court held that an underlying motion to dismiss must be potentially dispositive of the entire case, or at least dispositive on the issue on which discovery stay is sought. *Id.* Second, the court must determine whether the pending motion can be decided without additional discovery. *Id.* In applying this two-part test, the court evaluating the motion to stay must take a so-called "preliminary peek" at the merits of the underlying pending dispositive motion to assess whether a stay of discovery is warranted. If the party moving to stay satisfies both prongs of the *Mlejnecky* test, discovery may be stayed.

Similarly, a decision from the Central District of California has held that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Skellerup Indus. Ltd.* 163 F.R.D. at 601 (citing *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991)).

The issue of whether a motion to stay should be granted pending the resolution of a motion to dismiss was recently decided by the Honorable Peggy A. Leen, Magistrate Judge, in the case of *TradeBay*, 278 F.R.D. at 603, and the Honorable William G. Cobb, U.S. Magistrate Judge, in the case of *Money v. Banner Health*, No. 11-cv-800, 2012 WL 1190858, at *5 (D. Nev. April 9, 2012). Both Judge Leen and Judge Cobb were confronted with a similar request by the Defendant's motion to stay discovery pending the resolution of a motion to dismiss. *Id.* Both Judge Leen and Judge Cobb adopted the standard enunciated in *Twin City*, *Turner*, and *Olympus Imaging*, and concluded that a stay of

4

discovery should be ordered only if, after taking a "preliminary peek" at the merits of the pending dispositive motion, the court is "convinced" that the Plaintiff will be unable to state a claim for relief. *Id*.

### III. DISCUSSION

As an initial matter, the court notes that this action's procedural history complicates the court's consideration of Reyes's motion to stay. Normally, considering a motion to stay discovery requires the court to take a "preliminary peek" at the merits of the pending motion to dismiss. *Id*. In this case, however, Reyes's pending motion to dismiss (#84) addresses Bacon's First Amended Complaint (#60), which has been stricken and superseded by Bacon's Second Amended Complaint (#114). If, therefore, the court strictly adhered to *TradeBay* and took a "preliminary peek" at Reyes's motion to dismiss, the court would be directed to a complaint that is no longer operative and guided by arguments that may be moot.

Reyes's motion to stay discovery suggests that the arguments proffered in the motion to dismiss apply with equal force to Bacon's Second Amended Complaints. (*See* Mot. to Stay (#122) at 2:14–16). Typically, this argument would be unavailing. It is not the court's duty comb through Bacon's sixty-three page Second Amended Complaint and determine whether Reyes's arguments retain their force in the face of new allegations. *See, e.g.*, *Nw Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits").

Nonetheless, the court is persuaded to consider the merits of Reyes's motion for three reasons. First, Reyes has moved the court to stay discovery under Rule 26(c)(1). Although *TradeBay* directs the court to take a "preliminary peek" at a pending motion to dismiss when a party moves for a stay of discovery under Rule 26(c)(1), neither *TradeBay* nor Rule 26(c)(1) address the unique problem of procedural history that is presented here.

Second, the purpose of Reyes's motion to stay discovery is to prevent the parties from incurring undue costs. (*See* Def.'s Reply (#136) at 2:10) ("[Bacon's] frivolous litigation practices . . . are certain to be magnified in the discovery process"). Ordering the parties to re-file a motion to dismiss merely to allow the court to take a "preliminary peek" at the motion would be counterproductive and costly.

Third, and most importantly, Reyes argues that a stay of discovery is proper because, among other things, Bacon is a vexatious litigant who has admittedly failed to exhaust administrative remedies. (Mot. to Stay (#122-1) Aff. of Raelene Palmer at 1:11–15). As discussed in more detail below, exhaustion of administrative remedies is a mandatory condition precedent to filing suit in federal court. *See* 42 U.S.C. § 1997e(a). Stated differently, exhaustion requirements cannot be satisfied while federal litigation is pending, *see McKinny v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam), and the failure to exhaust administrative remedies renders amendment futile.

The court, therefore, has undertaken a "preliminary peek" of Reyes's motion to dismiss (#84) and, as discussed below, found that there is sufficient grounds to order a stay of discovery.

A.  **Rule 1 Supports a Stay of Discovery**

Before examining Reyes's motion to dismiss, the court considers Federal Rule of Civil Procedure 1. The guiding premise of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. As discussed above, the Supreme Court's decision in *Brown Shoe* and Rule 26 effectuate Rule 1's directive by instructing courts to resolve civil matters fairly but without undue cost and, in so doing, to balance the expense of discovery against its likely benefit. *Brown Shoe Co.*, 370 U.S. at 306 ("[The] inexpensive determination of every action [is one of] the touchstones of federal procedure"); Fed. R. Civ. P. 26(B)(2)(iii). One of Reyes's grounds for requesting a stay is that Bacon "frequently engages in abusive litigation practices," which cost Reyes and the Nevada

6

Department of Corrections considerable sums. (*See* Def.'s Mot. to Stay (#122) at Exhibit A, 1:16). If Reyes's underlying motion to dismiss is eventually granted, and discovery is not stayed, it is foreseeable that Reyes will bear substantial discovery costs. (*See* Def.'s Reply (#136) at 2:10) ("[Bacon's] frivolous litigation practices . . . are certain to be magnified in the discovery process").

Reflecting on *Brown Shoe* and Rule 26, the court immediately notices that Bacon's opposition to Reyes's motion to stay does not contend that discovery is even necessary. (*See generally* Pl.'s Opp'n (#129) 1–4). Rather, Bacon's opposition to the motion to stay argues that Reyes's motion to dismiss is meritless because it was made in bad faith.[2] (*Id.* at 2). Bacon's failure to argue that discovery is necessary presents two problems. First, it prevents the court from balancing the expense of discovery against its likely benefit because Bacon failed to articulate what that benefit might be. *See* FED. R. CIV. P. 26(B)(2)(iii). Second, the court may construe Bacon's opposition as consenting to Reyes's motion because Bacon does not meaningfully oppose the motion. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

These two problems strongly favor a stay of discovery because they affirm the court's impression that Bacon's filing are superfluous, vexatious, and not made in good faith. Superfluous filings, by definition, generate the sort of undue costs that Rule 1 and Reyes seek to avoid. The court, therefore, exercises its inherent equitable powers and orders a stay of discovery pursuant to Rule 26(c)(1), independent of the merits of Reyes's motion to dismiss. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) cert. denied, 457 U.S. 1118 (1982) (holding that the court may

---

[2] Bacon does not, however, explain how Reyes's motion constitutes bad faith. The court's reading of Bacon's motion indicates that Bacon's bad faith objection is merely boilerplate.

fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense).

Nonetheless, the court will also take a "preliminary peek" at Reyes's motion to dismiss to determine whether the court is "convinced" that the Bacon is unable to state a claim for relief. *TradeBay*, 278 F.R.D. at 603; *Money*, 2012 WL 1190858, at *5.

**B.   A Discovery Stay is Warranted because Bacon Failed to Exhaust Administrative Remedies**

As discussed above, although a pending motion to dismiss does not by itself warrant a stay of discovery, exceptions exists where, as here, a motion to dismiss raises "preliminary issues." *See TradeBay*, 278 F.R.D. at 600. The three preliminary issues that typically warrant a stay of discovery were identified by Judge Leen in *TradeBay* and Judge Cobb in *Money*. *Id*.; *Money*, 2012 WL 1190858, at *5. These include jurisdiction, venue, and immunity. *Id*.

Here, Reyes's raises, *inter alia*,[3] Bacon's failure to exhaust administrative remedies as a preliminary issue warranting a stay. (Def.'s Mot. to Stay (#122) at 4:1–7). Although failure to exhaust administrative remedies is not one of the three preliminary issues identified in *TradeBay* or *Money*, the court finds that the failure to exhaust administrative remedies is an appropriate preliminary issue to warrant a stay. Like jurisdiction, exhaustion of administrative remedies is a gateway requirement that must be met before entering federal court. *See McKinny*, 311 F.3d at 1199 (holding that exhaustion is a mandatory condition precedent to filing suit in federal court under the Prison Litigation Reform Act). Additionally, like jurisdiction, exhaustion of administrative remedies is a question of law that can be resolved without discovery. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing FED. R. EVID. 201 and stating that it is proper for the district court to take judicial notice of

---

[3] Reyes also proffers the following grounds for imposing a stay of discovery under *TradeBay's* "preliminary peek" standard: (1) claim preclusion; (2) misjoinder of claims; and, (3) failure to state a claim against Defendant Cox. (Def.'s Mot. to Stay (#122) at 4:1–5).

8

matters of public record, like Bacon's administrative record, and consider those matters for purposes for a motion to dismiss). Accordingly, the court will now examine the merits of Reyes's motion to dismiss with regard to Reyes's argument that Bacon's complaint is barred by the Prison Litigation Reform Act.

### i.      Administrative Remedies under The Prison Litigation Reform Act

Because Bacon is a state inmate his complaint is governed by the Prison Litigation Reform Act. The Act provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (discussing 42 U.S.C. § 1997e(a)). Although it was once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Importantly, exhaustion must be completed before filing. *McKinny*, 311 F.3d at 1199. Prisoners cannot achieve exhaustion while the lawsuit is pending. *Id*. The Supreme Court has strictly construed section 1997e(a). *Booth*, 532 U.S. at. at 741 n. 6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Nevada Department of Corrections utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* Nev. Dept. of Corr. Admin. Reg. §§ 740, *et seq*. (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/sites/doc/files/pdf/AR740.pdf. The informal grievance is conducted by the inmate's caseworker. *Id*. at § 740.05. If the grievance is not resolved on the informal level, the inmate has six months to initiate tort actions and ten days for all other actions. *Id*. Once this step is complete, the inmate's grievance advances to a first level grievance, which requires review, investigation, and a

response from the Warden. *Id*. at § 740.06. Following the Warden's response, the inmate has five days to object, which triggers the next stage of the grievance process. *Id*. The third stage, which is known as the second level grievance, is an appellate review of the Warden's decision conducted by various prison administrators. *Id*. at § 740.07.

### ii.   *Bacon Failed to Initiate Administrative Remedies under Nevada's Inmate Grievance Procedures*

Bacon's failure to exhaust administrative remedies is well documented. (*See, e.g.*, Pl.'s Mot. for Leave (#2) at 3) (admitting that Bacon failed to exhaust administrative remedies); (Order (#8) at 2) (dismissing Bacon's initial complaint for failure to exhaust administrative remedies). In addition to Bacon's prior admissions that he failed to exhaust administrative remedies, Reyes has provided the court with a copy of Bacon's Inmate Grievance History. (*See* Def.'s Mot to Dismiss (#84) at Exhibit C-2). According to Bacon's grievance history, his most recent grievances stem from four February 3, 2011, incidents relating to the law library, scalding faucet water, the prison store, and housing. (*See id.*) None of these grievances provide the basis for any of the claims pled in Bacon's Second Amended Complaint. (*See* Compl. (#114) at 1–64). Even if comparable circumstances were alleged in Bacon's operative complaint, which is not the case, Bacon's complaint still faces two critical problems.

First, Bacon's grievance history indicates that none of these grievances progressed passed the initial, informal stage of grievance procedure. (*See* Mot. to Stay (#122) at Exhibit C-2). This fact alone bars the court from entertaining Bacon's claims because exhaustion cannot be satisfied while the inmate's federal case is pending. *McKinny*, 311 F.3d at 1199. Second, Bacon's Second Amended Complaint indicates that the acts or omissions underlying the complaint occurred on or about March 20, 2011. (Compl. (#114) at 1). Because March 20, 2011, is approximately six weeks ***after*** the last grievance documented in Bacon's Inmate Grievance History, Bacon's grievance history provides

10

persuasive evidence that Bacon failed to initiate, let alone exhaust, administrative remedies before filing in federal court.

Bacon's opposition to Reyes's motion to stay does not dispute this fact. (*See* Pl.'s Opp'n (#129) at 2). Rather, Bacon merely states that "the Eighth Judicial District Court never acknowledged that the Prisoner Litigation Reform Act, 42 USC § 1997e mandated that a prisoner exhaust the administrative remedies which are made available." (*Id.*) While it is true that *pro se* litigants are generally held to "less stringent" standards, *see Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980), it is not the state court or the federal court's duty to advice Bacon of his rights and responsibilities. The court also notes, as it has many times before, that Bacon is an experienced litigator who is now well-versed in matters of prison, state court, and federal court procedure. *See, e.g.*, *Bacon v. Gomez*, 32 F.3d 572 (9th Cir. 1994); *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008); *Bacon v. State*, 281 P.3d 1152 (Nev. 2009); *Bacon v. Skolinik*, No. 07–cv–00821, 2009 WL 1473930 (D. Nev. May 26, 2009); *Bacon v. Eighth Judicial Dist. Court*, No. 60635, 2012 WL 1303497 (Nev. April 12, 2012), *cert. denied*, 133 S.Ct. 999 (2013); *Bacon v. Geissinger*, No. 56375, 2012 WL 443982 (Nev. Feb. 10, 2012) *cert. denied*, 133 S.Ct. 938 (2013). Because Bacon's opposition to Reyes's motion to stay does not dispute that Bacon failed to exhaust administrative remedies, Local Rule 7-2(d) permits the court to construe Bacon's opposition as conceding to Reyes's motion to stay.

This conclusion is bolstered by the fact that Bacon's opposition to Reyes's motion to dismiss similarly fails to dispute that the allegation Bacon did not to exhaust administrative remedies. (*See* Pl.'s Opp'n (#88) at 3-4). Rather, Bacon argues that Nevada's administrative remedies were effectively unavailable because of an alleged threat from an unidentified prison guard. (*Id.*) U.S. District Court Judge Gloria Navarro, however, has already addressed this argument and determined that it lacks merit. (*See* Order (#8) at 2:6-7).

In addition, this court now notes that Bacon's allegation of an unspecified threat from an unidentified prison guard is unavailing because it is unsubstantiated by fact. (*See* Pl.'s Opp'n (#88) at 3–4). The Supreme Court's directives regarding motions to dismiss have long held that Rule 8 requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). This, however, is precisely what Bacon proffers to overcome Reyes's motion to dismiss. (*See* Pl.'s Opp'n (#88) at 3–4). As a result, the court concludes that its "preliminary peek" at Reyes's motion to dismiss convincingly demonstrates that Bacon will be unable to state a claim for relief because he has not exhausted Nevada's administrative remedies.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Oswald Reyes, *et al.'s* Motion to Stay Discovery (#122) is GRANTED.

IT IS SO ORDERED.

DATED this 3rd day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

12