UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

vs.

OSWALD REYES, et al.,

    Defendants.

Case No. 2:12-cv-01222-JCM-VCF

**ORDER**

Presently before the court is the matter of *Bacon v. Reyes*, case no. 2:12-cv-1222-JCM-VCF. This order addresses the following motions:

- Plaintiff's motion for injunctive relief/application for leave to file first amended complaint. (Doc. # 117).
- Plaintiff's motion for preliminary injunction. (Doc. # 118).
- Plaintiff's motion/application seeking leave to file. (Doc. # 119).
- Defendants' motion to dismiss. (Doc. # 121).
- Plaintiff's motion/application seeking leave to file. (Doc. # 127).
- Plaintiff's motion to partially amend or alter [the court's] Order. (Doc. # 128).
- Plaintiff's motion to strike an affirmative defense. (Doc. # 131).
- Plaintiff's "motion for leave to file a proper person motion to A Spear v. M Cotter 766 F. 2d 179 evidentiary hearing." (Doc. # 139).
- Defendants' motion to strike. (Doc. # 141).

**I.     Background**

Plaintiff Percy Bacon is an inmate presently in the custody of the Nevada Department of Corrections ("NDOC"). Acting *pro se*, plaintiff filed a 97 page complaint against NDOC employees Oswald Reyes, Timothy Filson, Cheryl Burson, Ronald Oliver, Lance Larson, Robert Jensen, Robert Bannister, James Cox, and Tanya Hill. (Doc. # 31). The court screened the original complaint and dismissed many of the approximately 60 counts. (*Id.*). Defendants Cox and Hill were also dismissed. (*Id.*). The remaining defendants filed a motion to dismiss, which the court denied when it permitted plaintiff to file an amended complaint. (Doc. # 113).

Plaintiff then filed his amended complaint (doc. # 114), and defendants filed a second motion to dismiss (doc. # 121).

The court screened the amended complaint and recognized claims for relief under 42 U.S.C. § 1983 based on the following constitutional violations: claim one (1) alleges an Eighth Amendment violation for providing plaintiff with food "not fit for human consumption," not within his "prescribed renal diet," and failing to train the inmate cooks; claim four (4) alleges defendant Oliver charged plaintiff with theft in retaliation for an action filed in state court based on his food concerns, in violation of the First Amendment; claim five (5) against Reyes, Larson, and Jenson for reducing the amount of food plaintiff receives due to budget and overcrowding concerns, in violation of the Eighth Amendment; claim seven (7) against Burson, Filson, and Oliver for failing to follow correct procedures at a disciplinary hearing, in violation of plaintiff's Fourteenth Amendment right to due process; claim nine (9) against Burson and Hill for charging plaintiff with duplicative and retaliatory disciplinary violations, in violation of the First Amendment; claim twelve (12) against Bannister for refusing to authorize surgery to remove plaintiff's cataracts, in violation of the Eighth Amendment; and claim fourteen (14) against Cox for refusing to allow plaintiff to participate in compassionate release programs due to his race, in violation of the Fourteenth Amendment.

Recognizing the difficulty in addressing plaintiff's endless *pro se* filings, Magistrate Judge Cam Ferenbach has issued an order to stay discovery pending the resolution of the outstanding motions. (*See* doc. # 122).

**II.   Discussion**

Plaintiff argues that he is an "American entitled to the full attenton [sic] of the court..." (Doc. # 118, p. 3). Indeed, the court has afforded every bit of its attention to the plaintiff that he is entitled to, and more. As this court has previously stated, "plaintiff and his multiple filings have made a mess of the docket in this lawsuit. This plaintiff has already been deemed a vexatious litigant by the Nevada Supreme Court for filing 108 appeals." (Doc. # 113 at 2).

To date, plaintiff has filed over 60 motions on a docket that consists of only 143 entries. In addition, he has filed countless responses and replies which the court has been forced to sift through. Most are duplicative and incomprehensible; all are without merit.

The court will only address the facts and procedural history necessary to address any of the nine pending motions in the sections infra. The motions will be addressed in a manner in which the court finds easiest to organize.

**A. Motions not in compliance with the leave requirements**

Due to plaintiff's excessive and numerous filings in this case, both this court and Magistrate Judge Ferenbach have previously imposed leave requirements upon plaintiff regarding future filings. (*See* orders doc. ## 98, 111, 113). Specifically, the court has ordered plaintiff to seek leave to file all further motions, and required him to submit a concise statement describing why he is entitled to the requested relief in no more than two pages. Plaintiff has repeatedly failed to abide by these requirements.

Although the Supreme Court holds *pro se* parties to a less stringent standard than those who are represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Ninth Circuit has held that this does not excuse *pro se* parties from following the Federal Rules of Civil Procedure or orders of the court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986). The court is thus within its authority to strike motions filed in non-conformance with the rules or its prior orders.

The following motions filed by plaintiff do not conform to the leave order's page requirement and are therefore stricken: motion for preliminary injunction (doc. # 118), motion/application for leave to file (doc. # 127), motion to partially amend (doc. # 128), motion to strike affirmative defense (doc.

# 131), and "motion for leave to file a proper person motion to A Spears v. M Cotter 766 F.2d 179" (doc. # 139).

Although the motion for leave to file (doc. # 119) does conform to the page requirements, it still fails to state with specificity the relief sought, and it fails to clearly demonstrate why plaintiff is entitled to such relief. As such, this motion is in non-conformance with the leave orders, and is hereby stricken.

### B. Preliminary Injunction (doc. # 117)

The Supreme Court has held that to secure an injunction, a plaintiff must establish each of the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships favors the plaintiff; and, (4) advancement of the public interest. *Winter v. NRDC*, 555 U.S. 7, 24 (2008). A "[p]laintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *3 (D. Nev. Nov. 16, 2012).

Plaintiff's motion is a mess of pseudo-legal jargon and random case citations. From what may be gathered, plaintiff apparently seeks an injunction preventing the wardens from "restricting" his access to this court.

Plaintiff cannot, under any stretch of the imagination, claim he has been or is currently being denied access to the courts. As detailed in nearly every order entered in this case, plaintiff has conducted nothing short of an onslaught of frivolous motions. As a result, the court has been required to expend an exceedingly unreasonable amount of time and attention considering his incessant and entirely meritless filings. In other words, he cannot claim he has *any* likelihood of success on the merits.

In truth, plaintiff has come nowhere near satisfying any of the *Winter* factors. His motion for a preliminary injunction is denied.

### D. Defendants' motion to strike (doc. # 141)

Defendants have filed a motion to strike plaintiff's sur-reply to their reply in support of the motion to dismiss (doc. # 134) and corresponding affidavit (doc. # 135) as fugitive documents.

. . .

. . .

Local Rule 7-2 allows for a response and a reply to a motion. *See* LR 7-2(b)(providing for responses); *see also* LR 7-2(c)(providing for replies). There is no provision permitting a sur-reply, and one may not be filed absent the court's approval.

In addition to being in violation of the local rules, plaintiff's sur-reply and affidavit violate the court's prior orders imposing a leave requirement on future filings. These two documents simply re-hash plaintiff's slew of prior complaints. The purpose of the prior screening orders was intended to bar duplicative and excessive filings, such as these.

Accordingly, in consideration of the local rules and the court's prior orders, defendants' motion to strike is granted, and plaintiff's sur-reply and affidavit (docs. ## 135, 136) are stricken.

**E. Defendants' motion to dismiss (doc. # 121)**

*I. Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

*ii. Discussion*

The operative complaint contains seven claims, six of which are identical to claims litigated in a prior state court action by this plaintiff.

<u>Claims barred by preclusion</u>

The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies. *In re Jenson*, 980 F.2d 1254, 1256 (9th Cir. 1992). The doctrine is intended to "insure[] the finality of decisions, conserve[] judicial resources, and protect[] litigants from multiple lawsuits." *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (citing *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528-29 (9th Cir. 1985)).

In several prior state court actions, this plaintiff has alleged that these same defendants have failed to provide him with a medical diet required by his kidney condition, have not trained the inmate cooks to give him the correct food, have served food that is not fit for human consumption, that the limited amount of food provided due to prison budget problems is inadequate to maintain his health, that threats of punishment and actual punishment prevented him from utilizing the grievance procedure and appealing disciplinary sanctions, and that he was denied treatment to repair his vision.

These are identical to the claims asserted in this court and are against the same parties. To the extent these claims may contain minor differences, they are claims "which could have been asserted, whether they were or not, in a prior suit between the parties" and therefore barred by the doctrine of claim preclusion. *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (quoting *Ross v. Int'l Bhd. Of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980)).

. . .

. . .

. . .

14th Amendment racial discrimination claim

Turning to plaintiff's 14th Amendment claim, the court finds that it is barred as it has not been administratively exhausted. Exhaustion of administrative remedies is a mandatory condition precedent to filing suit in federal court. *See* 42 U.S.C. § 1997e(a). Exhaustion requirements cannot be satisfied while federal litigation is pending, *see McKinny v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam), and the failure to exhaust administrative remedies renders amendment futile.

Plaintiff admits he has not exhausted this claim. Rather, he argues that administrative remedies were effectively unavailable because of an alleged threat from a prison guard. This allegation is completely unavailing because it is unsubstantiated by fact. (*See* opposition, doc. # 88, at 3–4). The Supreme Court's directives regarding motions to dismiss have long held that Rule 8 requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). This, however, is precisely what plaintiff proffers to overcome the motion to dismiss.   In addition, plaintiff's naked argument that he is legitimately afraid of retaliation is simply unconvincing. Plaintiff has filed more than 40 grievances. In addition, he has twice been declared a vexatious litigant in Nevada's Eight Judicial District Court and the Nevada Supreme Court. *See Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008); *Bacon v. State*, 281 P.3d 1152 (Nev. 2009). Moreover, this court has noted that this plaintiff has "struck out" under the Prison Litigation Reform Act, because he has filed more than three actions that were dismissed for being frivolous, malicious, or failing to state a claim. (*See* doc. # 98 at 3); *see also Percy Lavae Bacon v. Stephen C. Webster, et al.*, case no. 2:05-cv-01267-PMP-GWF; *Bacon v. Laswell*, case no. 2:09-cv-02058-PMP-PAL; *Bacon v. State of Nevada*, case no. 2:10-cv-01451-KJD-LRL. This plaintiff is an "experienced litigator" who has been filing grievances in prison and complaints in state and federal courts for years. *See, e.g.*, *Bacon v. Gomez*, 32 F.3d 572 (9th Cir. 1994); *Bacon v. Laswell*, 238 P.3d 794 (Nev. 2008); *Bacon v. State*, 281 P.3d 1152 (Nev. 2009); *Bacon v. Skolinik*, No. 07–cv–00821, 2009 WL 1473930 (D. Nev. May 26, 2009); *Bacon v. Eighth Judicial Dist. Court*, No. 60635, 2012 WL 1303497 (Nev. April 12, 2012), *cert. denied*, 133 S.Ct. 999 (2013); *Bacon v. Geissinger*, No. 56375, 2012 WL 443982 (Nev. Feb. 10, 2012) *cert. denied*, 133 S.Ct. 938 (2013). This plaintiff is clearly not afraid of a "true threat" of retaliation, as evidenced by the sheer number

1  grievances and lawsuits he has filed over the years, many of which have been against these same
2  defendants.
3       In sum, plaintiff has not administratively exhausted this claim, and the court finds his
4  justification for failing to exhaust administrative remedies to be contradicted by the facts and his own
5  actions. Plaintiff's 14th Amendment claim is denied for failure to exhaust.

**III.  Conclusion**

     All but one of plaintiff's claims are barred by the doctrine of claim preclusion.  Plaintiffs remaining 14th Amendment claim against defendant Cox has not been administrative exhausted via the prison grievance system, and is therefore dismissed.

     Accordingly,

     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for injunctive relief/application for leave to file (doc. # 117) be, and the same hereby is, DENIED.

     IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (doc. # 118) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that plaintiff's motion/application seeking leave to file (doc. # 119) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that plaintiff's motion/application seeking leave to file  (doc. # 127) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that plaintiff's  motion to partially amend or alter [the court's] order  (doc. # 128) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that plaintiff's motion to strike an affirmative defense (doc. # 131) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that plaintiff's "motion for leave to file a proper person motion to A Spear v. M Cotter 766 F. 2d 179 evidentiary hearing" (doc. # 139) be, and the same hereby is, STRICKEN.

     IT IS FURTHER ORDERED that defendants' motion to strike (doc. # 141) be, and the same hereby is, GRANTED.  Plaintiff's sur-reply (doc. # 135) and affidavit in support thereof (doc. # 135) are hereby STRICKEN.

IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 121) be, and the same hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED January 24, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE